Michael E. Baughman
**TROUTMAN PEPPER LOCKE LLP**
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
215.981.4964
Michael.Baughman@troutman.com
*Attorneys for Defendants New Jersey Institute of Technology,*
*David Jones, Marybeth Boger, Matthew Golden,*
*Andrew Christ, Latosha Wilson, Bruce Bukiet, Teik Lim,*
*Kathryn Hagemen, and Michael Davis*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STUDENTS FOR JUSTICE IN PALESTINE, NEW JERSEY INSTITUTE OF TECHNOLOGY CHAPTER; YAHYA HABEHH; UMAIR KHAN; USMAN AHMAD KHWAJA; IBRAHEEM ALJAYEH; AHMAD JAMHOUR; FARIS QADDOURA, | Civil Action No. <br><br> State Docket No.: ESX-L-008839-25 <br><br> *DOCUMENT FILED ELECTRONICALLY* |
| Plaintiffs, | |
| v. | |
| NEW JERSEY INSTITUTE OF TECHNOLOGY; DAVID JONES; MARYBETH BOGER; MATTHEW GOLDEN; ANDREW CHRIST; LATOSHA WILSON; BRUCE BUKIET; TEIK LIM; KATHRYN HAGEMAN; MICHAEL DAVIS; JANE & JOHN DOES 1-10 and XYZ CORPORATIONS 1-10 (fictitious defendants) | **NOTICE OF REMOVAL** |
| Defendants. | |

## <u>D.N.J. LOCAL CIVIL RULE 10.1 STATEMENT</u>

1.      The plaintiffs in this action are Students for Justice in Palestine, New Jersey Institute of Technology, Yahya Habehh, Umair Khan, Usman Ahmad Khwaja, Ibraheem Aljayeh, Ahmad Jamhour, and Faris Qaddoura ("Plaintiffs").

2.      The individual addresses of Plaintiffs cannot be provided at this time, because the addresses are unknown to Defendants and have not been provided in Plaintiffs' Complaint or First Amended Complaint.

3.      Plaintiffs are represented by Lindsey A. McKillop, The Law Office of Rajeh A. Saadeh, L.L.C., 1200 Route 22 East, Suite 2000, Bridgewater, New Jersey 08807-2943.

4.      The Defendants are New Jersey Institute of Technology, David Jones, Marybeth Boger, Matthew Golden, Andrew Christ, Latosha Wilson, Bruce Bukiet, Teik Lim, Kathryn Hagemen, and Michael Davis ("Defendants" or "NJIT").

5.      The principal place of business for New Jersey Institute of Technology is 323 Dr Martin Luther King Blvd, Newark, NJ 07102-1824.

6.      The address for David Jones is 323 Dr Martin Luther King Blvd, Newark, NJ 07102-1824.

7.      The address for Marybeth Boger is 323 Dr Martin Luther King Blvd, Newark, NJ 07102-1824.

8.      The address for Matthew Golden is 323 Dr Martin Luther King Blvd, Newark, NJ 07102-1824.

9.      The address for Andrew Chris is 323 Dr Martin Luther King Blvd, Newark, NJ 07102-1824.

10.     The address for Latosha Wilson is 323 Dr Martin Luther King Blvd, Newark, NJ 07102-1824.

11.     The address for Bruce Bukiet is 323 Dr Martin Luther King Blvd, Newark, NJ 07102-1824.

12.     The address for Teik Lim is 323 Dr Martin Luther King Blvd, Newark, NJ 07102-1824.

13.     The address for Kathryn Hagemen is 323 Dr Martin Luther King Blvd, Newark, NJ 07102-1824.

14.     The address for Michael Davis is 323 Dr Martin Luther King Blvd, Newark, NJ 07102-1824.

15.      Defendants are represented by Michael E. Baughman, Esq., Troutman Pepper Locke LLP, 3000 Two Logan Square, Eighteenth and Arch Streets, Philadelphia, PA 19103.

Respectfully submitted,

Dated: February 23, 2026

**TROUTMAN PEPPER LOCKE LLP**

By: /s/ Michael E. Baughman
Michael E. Baughman, Esq.
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103

*Attorneys for Defendants New Jersey Institute of Technology, David Jones, Marybeth Boger, Matthew Golden, Andrew Christ, Latosha Wilson, Bruce Bukiet, Teik Lim, Kathryn Hagemen, and Michael Davis*

4

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendants New Jersey Institute of Technology (the "University"), David Jones, Marybeth Boger, Matthew Golden, Andrew Christ, Latosha Wilson, Bruce Bukiet, Teik Lim, Kathryn Hagemen, and Michael Davis (collectively, "Defendants" or "NJIT"), hereby remove *Students for Justice in Palestine, New Jersey Institute of Technology Chapter, et. al. v. New Jersey Institute of Technology, et. al.*, pending against Defendants in the Superior Court of New Jersey, Law Division, Essex County, under Docket Number ESX-L-008839-25 (the "State Court Action") to the United States District Court for the District of New Jersey.

As grounds for removal, Defendants respectfully state as follows:

## BACKGROUND

1.      On or about November 18, 2025, Plaintiffs filed a complaint (the "Complaint") against defendants New Jersey Institute of Technology, David Jones, Marybeth Boger, Matthew Golden, Andrew Christ, Latosha Wilson, Bruce Bukiet, Jane and John Does 1-10, and XYZ Corporations 1-10 (fictitious defendants) in the State Court Action. The original complaint sought relief solely under New Jersey state laws.  All pleadings, process, and orders which matter are attached to this Notice of Removal as **Exhibit A**.

5

2.     On or about December 2, 2025, the defendants named in the Complaint were served with a copy of the Summons and Complaint.

3.     The Complaint had twelve counts for discrimination under the New Jersey Law Against Discrimination ("LAD") and New Jersey Civil Rights Act.  No federal claims were asserted.

4.     On December 29, 2025, the Parties filed a Stipulation extending the time for Plaintiffs to file an amended complaint, and for Defendants to answer. *See* Exhibit A, Stipulation Extending the Time to File Amended Complaint and Answer.

5.     On January 26, 2026, Plaintiffs filed their First Amended Complaint. *See* Exhibit A, First Amended Complaint ("FAC").  In the FAC, Plaintiffs added defendants Teik Lim, Kathryn Hageman, and Michael Davis.  *See* Exhibit A, FAC. Plaintiff's First Amended Complaint additionally added claims seeking relief under federal law for alleged violation of Title VI of the Civil Rights Act of 1964 and alleged violation of the Right to Freedom of Association Protected by the First Amendment of the United States Constitution, 42 U.S.C. § 1983.  *See id.*

6.     Plaintiff asserts six counts in the FAC.  Counts One through Four are claims for Discrimination on the Basis of Race, Creed, National Origin, and Ancestry in Violation of the New Jersey LAD, N.J.S.A § 10:5-1 *et seq.*, and the New Jersey Civil Rights Act, N.J.S.A § 10:6-1 *et seq.*; Count Five is for a

Violation of the Right to Freedom of Association Protected by the First Amendment to the United States Constitution, under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, N.J.S.A. § 10:6-1 *et seq.*, and Count Six is for Discrimination on the Basis of Race, National Origin, and Ancestry in Violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*  *See* FAC at 11-20.

7.      Plaintiffs' claims stem from Defendants' denial and conduct related to an application submitted by Plaintiffs for Students for Justice in Palestine, New Jersey Institute of Technology ("SJP-NJIT") to be recognized as an official student organization at the University.

8.      In Counts One through Four, Plaintiffs allege that the denial constituted discrimination based on their race, creed, national origin, and ancestry. *See* FAC, at 11-17.

9.      In Count Five, Plaintiffs allege that they have a right to associate based on shared political, social, religious or expressive purposes, and Defendants' denial of their application is an impermissible content-based restriction of association as applied to Plaintiffs in violation of the Right to Freedom of Association Protected by the United States, brought under 42 U.S.C. § 1983.  *See* FAC, Count Five, ¶¶ 4, 6.

7

10.     In Count Six, Plaintiffs allege that the University's denial of their application to recognize SJP-NJIT constituted discrimination on the bases of national origin, race, and ancestry in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.  See* FAC, Count Six, ¶¶ 1-3.

### FEDERAL QUESTION JURISDICTION

11.     This action is removed pursuant to the provisions of 28 U.S.C. §1441 as an action over which this Court has original jurisdiction under 28 U.S.C. §1331, because it is a civil action "arising under the Constitution, laws or treaties of the United States."  Additionally, supplemental jurisdiction over the remaining claims is proper under 28 U.S.C. § 1367(a) because those claims are so related to Counts Five and Six in that they form part of the same case or controversy.

12.     This Court has federal question jurisdiction over the action because Plaintiffs assert claims under federal law.  Specifically, Plaintiff asserts claims for discrimination under Title VI brought under 42 U.S.C. § 2000d *et seq.* and a violation of the Right to Freedom of Association brought under 42 U.S.C. § 1983.

13.     This Court also has supplemental jurisdiction over Plaintiffs' state law claims (Counts One through Four) because they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a); *see also De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 308 (3d Cir.

8

2003), *as amended* (Nov. 14, 2003) ("[A] district court may exercise supplemental jurisdiction where state-law claims share a 'common nucleus of operative fact[s]' with the claims that supported the district court's original jurisdiction.") (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

14.     All of Plaintiff's claims are based on the denial of, and conduct related to SJP-NJIT's application to be a student organization. Accordingly, this Court has supplemental jurisdiction over Plaintiffs' state law claims. *See Tyson Foods, Inc.*, 342 F.3d at 308 ("Where 'the same acts violate parallel federal and state laws, the common nucleus of operative facts is obvious.'") (quoting *Lyon v. Whisman,* 45 F.3d 758, 761 (3d Cir.1995)).

## OTHER GROUNDS FOR REMOVAL ARE SATISFIED

15.     This Notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days of January 26, 2026, which is the date Defendants were served with the First Amended Complaint that first asserted federal claims and the date upon which the case first became removable to federal court.

16.     The filing of the Notice of Removal in this Court is appropriate because the District of New Jersey is the District where the State Court Action is pending. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original

9

jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."). All defendants join in this removal.

17. In accordance with 28 U.S.C. § 1446(d), upon filing of this Notice of Removal, Defendants will give written notice of this Notice of Removal to Plaintiffs and the Clerk of the Superior Court of New Jersey, Law Division, Essex County.

18. For the foregoing reasons, this Court has jurisdiction to hear this case. Defendants, thus, have properly removed the underlying action to this Court.

Respectfully submitted,

Dated: February 23, 2026

**TROUTMAN PEPPER LOCKE LLP**

By: /s/ Michael E. Baughman
Michael E. Baughman, Esq.
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103

*Attorneys for Defendants New Jersey Institute of Technology, David Jones, Marybeth Boger, Matthew Golden, Andrew Christ, Latosha Wilson, Bruce Bukiet, Teik Lim, Kathryn Hagemen, and Michael Davis*

## D.N.J. LOCAL CIVIL RULE 11.2 STATEMENT

Pursuant to Local Rule 11.2, the undersigned counsel, on behalf of Defendants New Jersey Institute of Technology, David Jones, Marybeth Boger, Matthew Golden, Andrew Christ, Latosha Wilson, Bruce Bukiet, Teik Lim, Kathryn Hagemen, and Michael Davis, certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: February 23, 2026                    **TROUTMAN PEPPER LOCKE LLP**

By: /s/ Michael E. Baughman
Michael E. Baughman, Esq.
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103

*Attorneys for Defendants New Jersey Institute of Technology, David Jones, Marybeth Boger, Matthew Golden, Andrew Christ, Latosha Wilson, Bruce Bukiet, Teik Lim, Kathryn Hagemen, and Michael Davis*

11

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2026, true and correct copies of the following Notice of Removal and this Certificate of Service, were filed via the Court's electronic filing system, and the filing may be accessed through the Court's system.  I further certify that copies of the foregoing were also sent via Fedex Overnight mail and email to the following:

Lindsey A. McKillop, Esq.
The Law Office of Rajeh A. Saadeh, L.L.C.,
1200 Route 22 East, Suite 2000
Bridgewater, New Jersey 08807-2943
lmckillop@rajehsaadeh.com

*/s/ Michael E. Baughman*
Michael E. Baughman

12