# EXHIBIT A

**Lindsay A. McKillop – 276512018**
The Law Office of Rajeh A. Saadeh, L.L.C.
1200 Route 22 East, Suite 2000
Bridgewater, New Jersey 08807-2943
(908) 864-7884
Attorneys for **Plaintiff(s)**

| | |
|---|---|
| **STUDENTS FOR JUSTICE IN PALESTINE, NEW JERSEY INSTITUTE OF TECHNOLOGY CHAPTER; YAHYA HABEHH; UMAIR KHAN; USMAN AHMAD KHWAJA; IBRAHEEM ALJAYEH; AHMAD JAMHOUR; FARIS QADDOURA,**<br><br>Plaintiff(s),<br><br>v.<br><br>**NEW JERSEY INSTITUTE OF TECHNOLOGY; DAVID JONES; MARYBETH BOGER; MATTHEW GOLDEN; ANDREW CHRIST; LATOSHA WILSON; BRUCE BUKIET; JANE & JOHN DOES 1-10 and XYZ CORPORATIONS 1-10 (fictitious defendants,**<br><br>Defendant(s).** | SUPERIOR COURT OF NEW JERSEY **LAW DIVISION** **ESSEX** COUNTY DOCKET NO. **L-**<br><br>CIVIL ACTION<br><br>**COMPLAINT** |

Plaintiff(s), by way of **Complaint** against Defendant(s), say(s):

## PARTIES

1.      At all times relevant to this Complaint, Plaintiff, **STUDENTS FOR JUSTICE IN PALESTINE, NEW JERSEY INSTITUTE OF TECHNOLOGY CHAPTER** ("SJP-NJIT"), was a student organization at Defendant, **NEW JERSEY INSTITUTE OF TECHNOLOGY** ("NJIT").

2.      At all times relevant to this Complaint, NJIT was located in the City of Newark, County of Essex, and State of New Jersey.

3. At all times relevant to this Complaint, Plaintiff, **YAHYA HABEHH** ("Habehh"), was a student at NJIT.

4. At all times relevant to this Complaint, Habehh resided in New Jersey.

5. At all times relevant to this Complaint, Plaintiff, **UMAIR KHAN** ("Khan"), was a student at NJIT.

6. At all times relevant to this Complaint, Khan resided in New Jersey.

7. At all times relevant to this Complaint, Plaintiff, **USMAN AHMAD KHWAJA** ("Khwaja"), was a student at NJIT.

8. At all times relevant to this Complaint, Khwaja resided in New Jersey.

9. At all times relevant to this Complaint, Plaintiff, **IBRAHEEM ALJAYEH** ("Aljayeh"), was a student at NJIT.

10. At all times relevant to this Complaint, Aljayeh resided in New Jersey.

11. At all times relevant to this Complaint, Plaintiff, **AHMAD JAMHOUR** ("Jamhour"), was a student at NJIT.

12. At all times relevant to this Complaint, Jamhour resided in New Jersey.

13. At all times relevant to this Complaint, Plaintiff, **FARIS QADDOURA** ("Qaddoura"), was a student at NJIT.

14. At all times relevant to this Complaint, Qaddoura resided in New Jersey.

15. At all times relevant to this Complaint, Defendant, **DAVID JONES** ("Jones"), was the chief diversity officer at NJIT.

16. Respecting all allegations pertaining to Jones in this Complaint, she/he/they operated in her/his/their individual capacity and in connection with her/his/their position(s) at/with NJIT.

17. At all times relevant to this Complaint, Defendant, **MARYBETH BOGER** ("Boger"), was the dean of students at NJIT.

18. Respecting all allegations pertaining to Boger in this Complaint, she/he/they operated in her/his/their individual capacity and in connection with her/his/their position(s) at/with NJIT.

19. At all times relevant to this Complaint, Defendant, **MATTHEW GOLDEN** ("Golden"), was the chief marketing and communications officer at NJIT.

20. Respecting all allegations pertaining to Golden in this Complaint, she/he/they operated in her/his/their individual capacity and in connection with her/his/their position(s) at/with NJIT.

21. At all times relevant to this Complaint, Defendant, **ANDREW CHRIST** ("Christ"), was a senior vice president for real estate development and capital operations at NJIT.

22. Respecting all allegations pertaining to Christ in this Complaint, she/he/they operated in her/his/their individual capacity and in connection with her/his/their position(s) at/with NJIT.

23. At all times relevant to this Complaint, Defendant, **LATOSHA WILSON** ("Wilson"), was an associate director of campus center operations and conference services at NJIT.

24. Respecting all allegations pertaining to Wilson in this Complaint, she/he/they operated in her/his/their individual capacity and in connection with her/his/their position(s) at/with NJIT.

25. At all times relevant to this Complaint, Defendant, **BRUCE BUKIET** ("Bukiet"), was a professor of mathematical studies at NJIT.

26. Respecting all allegations pertaining to Bukiet in this Complaint, she/he/they operated in her/his/their individual capacity and in connection with her/his/their position(s) at/with NJIT.

27. **JANE & JOHN DOES 1-10 and XYZ CORPORATIONS 1-10** are fictitious defendants whose precise identities or specific actions or inactions that would impose liability are not sufficiently known at this time.

## FACTS RELEVANT TO ALL COUNTS

1. On or around September 25, 2023, NJIT students including Habehh, Khan, Khwaja, Aljayeh, Jamhour, Qaddoura, established SJP-NJIT at NJIT.

2. On or around October 12, 2023, Bukiet emailed various members of NJIT's administration respecting an upcoming demonstration scheduled by SJP-NJIT, likening supporters of Palestine to terrorists.

3. On or around November 9, 2023, Bukiet harassed Won during a presentation with aggressive questions and non sequiturs about purported antisemitism on NJIT's campus and what NJIT was doing to protect Jewish students.

4. On or around December 18, 2023, NJIT refused to allow SJP-NJIT to participate in a student involvement fair.

5. On or around December 21, 2023, Jones emailed Won demanding that he remove SJP-NJIT from his identity-based student organization roster as it was "not a recognized student organization on campus."

6. On or around December 21, 2023, Won emailed Jones indicating that said roster is his informal, personal document that he offers as a resource for identity-based student organizations.

7. On or around December 21, 2023, Won emailed Jones indicating that it seems SJP-NJIT is "being targeted" because there are other clubs listed on the roster that are "not yet recognized."

8. On or around December 21, 2023, Jones demanded Won update said roster to "only include student organizations that are officially recognized and approved by the [NJIT] [s]tudent [s]enate and [NJIT]."

9. On or around December 21, 2023, instead of discriminating against SJP-NJIT, Won deleted said roster.

10.     To gain formal recognition by NJIT, SJP-NJIT needed an NJIT faculty or staff member to serve as an advisor to SJP-NJIT.

11.     On or around December 21, 2023, Won told Habehh that no NJIT faculty or staff member may serve as advisor to SJP-NJIT.

12.     At all times relevant to this Complaint, Christopher Won ("Won"), was the associate director for the office of inclusivity at NJIT.

13. At all times relevant to this Complaint until about December 21, 2023, Won was the faculty advisor for SJP-NJIT.

14.     At all times relevant to this Complaint, Nicholas Marshall ("Marshall") was a student at NJIT.

15.     At all times relevant to this Complaint, Marshall was NJIT's director of student organizations.

16.     At all times relevant to this Complaint, Michael Davis ("Davis") was the director of student life at NJIT.

17.     On or around January 15, 2024, Habehh emailed Boger, Jones, Won, Marshall, and Davis memorializing Won's representation regarding faculty advisors for SJP-NJIT.

18.     In the same email, Habehh asked that SJP-NJIT be treated with fairness given the ongoing, widespread discrimination against Palestinians in the United States in recent years.

19.     On or around January 17, 2024, SJP-NJIT filed a formal request with NJIT to be recognized as an NJIT student organization.

20.     Said request was made through NJIT's online portal, "Highlander Hub."

21.     On or around January 31, 2024, Habehh reached out to Marshall requesting information as to when SJP-NJIT's recognition would be approved.

22.     On or around January 31, 2024, Marshall indicated to Habehh it could take an entire semester for NJIT to decide whether SJP-NJIT's recognition would be approved.

23.     On or around February 13, 2024, Boger and Jones met with students, including Habehh and Jamhour.

24.     During said meeting, Boger indicated that SJP-NJIT's request to be formally recognized as an NJIT student organization was denied.

25.     On or around February 13, 2024, said students emailed Boger asking why NJIT would not permit a chapter of SJP on its campus.

26.     On or around February 19, 2024, Boger responded via email that NJIT will not permit a chapter of SJP on campus because it does not like the national chapter of SJP.

27.     On or around May 10, 2024, Habehh met with Christ, Golden, and Boger.

28.     During said meeting, Habehh provided a list of demands from SJP-NJIT.

29.     These demands include that NJIT 1) permit the establishment of a Palestinian community on campus and not inhibit or restrict student freedoms and 2) name Palestine and Palestinians, in all future communications related to conflicts in Palestine instead of vague, orientalist, Eurocentric terms such as "Middle East" and "Gaza region."

30.     During said meeting, Christ, Golden, and Boger reiterated NJIT's denial of SJP's request to be formally recognized as an organization on campus.

31.     During said meeting, NJIT refused to recognize Palestinians or Palestine in any official media or communication by NJIT.

32.     On or around August 26, 2024, Habehh emailed Boger, Christ, and Golden following up on SJP's pending status in Highlander Hub.

33.     In said email, Habehh noted that SJP's request to be formally recognized remained pending in Highlander Hub.

34.     In said email, Habehh demanded that NJIT either 1) approve SJP's request to be recognized; 2) deny SJP's request to be recognized and provide reasons in writing; or 3) afford SJP a probationary period to operate as a formally recognized student organization.

35.     On or around September 9, 2024, Boger emailed Habehh that NJIT will not "officially" recognize SJP as a student organization due to "the history of disruptions and policy violations supported by [the national chapter of SJP] at other universities."

36.     On or around September 12, 2024, Wilson yelled at various SJP-NJIT members who asked for tape in the NJIT campus center.

37.     During said incident, Wilson yelled to the members that they "are not entitled to anything" from NJIT.

38.     On or around January 22, 2025, Wilson screamed at SJP-NJIT members in the middle of NJIT's campus center for using a table that a different student organization booked.

39.     Wilson was unaware that said different organization gave said SJP-NJIT members permission to use said table.

40.     To date, SJP-NJIT is not formally recognized as a student organization by NJIT.

## COUNT ONE

1.     Plaintiff(s) repeat(s) and re-allege(s) the allegations above as if set forth at length herein.

2.     The denial of Plaintiffs' request for SJP-NJIT to be formally recognized as an NJIT student organization is unlawful discrimination based on race and a violation of civil rights under N.J.S.A. 10:5-1 *et seq.*

3.     Said unlawful discrimination and violation of civil rights have caused and continue to cause Plaintiffs to suffer damages, including for humiliation, emotional distress, mental anguish, pain, and suffering.

4.      Considering all facts and circumstances, including what is set forth in this Complaint, said unlawful discrimination and violation of civil rights are particularly egregious and outrageous.

WHEREFORE, Plaintiff(s) demand(s) judgment against **Defendants, NEW JERSEY INSTITUTE OF TECHNOLOGY, MARYBETH BOGER, MATTHEW GOLDEN, and ANDREW CHRIST,** on this count for the following relief:

a.      Compensatory damages;

b.      Punitive damages;

c.      Interest;

d.      Attorney fees;

e.      Costs of suit;

f.      Costs of investigation;

g.      Declaratory relief, including that said Defendants committed unlawful discrimination and violated civil rights under N.J.S.A. 10:5-1 *et seq.*;

h.      Injunctive relief restraining and enjoining current, continued, and future violations of N.J.S.A. 10:5-1 *et seq.*, including by:

      i.      Compelling NJIT to formally recognize SJP-NJIT as an official student organization at NJIT;

i.      Such other relief as the Court deems equitable and just under the circumstances.

### COUNT TWO

1.      Plaintiff(s) repeat(s) and re-allege(s) the allegations above as if set forth at length herein.

2.      The denial of Plaintiffs' request for SJP-NJIT to be formally recognized as an NJIT student organization is unlawful discrimination based on ancestry and a violation of civil rights under N.J.S.A. 10:5-1 *et seq.*

3.      Said unlawful discrimination and violation of civil rights have caused and continue to cause Plaintiffs to suffer damages, including for humiliation, emotional distress, mental anguish, pain, and suffering.

4.      Considering all facts and circumstances, including what is set forth in this Complaint, said unlawful discrimination and violation of civil rights are particularly egregious and outrageous.

WHEREFORE, Plaintiff(s) demand(s) judgment against **Defendants, NEW JERSEY INSTITUTE OF TECHNOLOGY, MARYBETH BOGER, MATTHEW GOLDEN, and ANDREW CHRIST,** on this count for the following relief:

a.      Compensatory damages;

b.      Punitive damages;

c.      Interest;

d.      Attorney fees;

e.      Costs of suit;

f.      Costs of investigation;

g.      Declaratory relief, including that said Defendants committed unlawful discrimination and violated civil rights under N.J.S.A. 10:5-1 *et seq.*;

h.      Injunctive relief restraining and enjoining current, continued, and future violations of N.J.S.A. 10:5-1 *et seq.*, including by:

    i.      Compelling NJIT to recognize SJP-NJIT as an official student organization at NJIT;

i.      Such other relief as the Court deems equitable and just under the circumstances.

**COUNT THREE**

1.      Plaintiff(s) repeat(s) and re-allege(s) the allegations above as if set forth at length herein.

2.      The denial of Plaintiffs' request for SJP-NJIT to be formally recognized as a student organization is unlawful discrimination based on national origin and a violation of civil rights under N.J.S.A. 10:5-1 *et seq.*

3.      Said unlawful discrimination and violation of civil rights have caused and continue to cause Plaintiffs to suffer damages, including for humiliation, emotional distress, mental anguish, pain, and suffering.

4.      Considering all facts and circumstances, including what is set forth in this Complaint, said unlawful discrimination and violation of civil rights are particularly egregious and outrageous.

WHEREFORE, Plaintiff(s) demand(s) judgment against **Defendants, NEW JERSEY INSTITUTE OF TECHNOLOGY, MARYBETH BOGER, MATTHEW GOLDEN, and ANDREW CHRIST,** on this count for the following relief:

a.      Compensatory damages;

b.      Punitive damages;

c.      Interest;

d.      Attorney fees;

e.      Costs of suit;

f.      Costs of investigation;

g.      Declaratory relief, including that said Defendants committed unlawful discrimination and violated civil rights under N.J.S.A. 10:5-1 *et seq.*;

h.      Injunctive relief restraining and enjoining current, continued, and future violations of N.J.S.A. 10:5-1 *et seq.*, including by:

i.      Compelling NJIT to formally recognize SJP-NJIT as an official student organization at NJIT;

Such other relief as the Court deems equitable and just under the circumstances.

## COUNT FOUR

1.      Plaintiff(s) repeat(s) and re-allege(s) the allegations above as if set forth at length herein.

2.      Jones' demand to Won to remove SJP as an organization on Won's informal roster of identity-based student organizations is unlawful discrimination based on race and a violation of civil rights under N.J.S.A. 10:5-1 *et seq.*

3.      Said unlawful discrimination and violation of civil rights have caused and continue to cause Plaintiffs to suffer damages, including for humiliation, emotional distress, mental anguish, pain, and suffering.

4.      Considering all facts and circumstances, including what is set forth in this Complaint, said unlawful discrimination and violation of civil rights are particularly egregious and outrageous.

WHEREFORE, Plaintiff(s) demand(s) judgment against **Defendants, NEW JERSEY INSTITUTE OF TECHNOLOGY and DAVID JONES,** on this count for the following relief:

a.      Compensatory damages;

b.      Punitive damages;

c.      Interest;

d.      Attorney fees;

e.      Costs of suit;

f.      Costs of investigation;

g.      Declaratory relief, including that said Defendants committed unlawful discrimination and violated civil rights under N.J.S.A. 10:5-1 *et seq.*;

h.      Injunctive relief restraining and enjoining current, continued, and future violations of N.J.S.A. 10:5-1 *et seq.*; and

i.      Such other relief as the Court deems equitable and just under the circumstances.

## COUNT FIVE

1.     Plaintiff(s) repeat(s) and re-allege(s) the allegations above as if set forth at length herein.

2.     Jones' demand to Won to remove SJP as an organization on Won's informal roster of identity-based student organizations is unlawful discrimination based on ancestry and a violation of civil rights under N.J.S.A. 10:5-1 *et seq.*

3.     Said unlawful discrimination and violation of civil rights have caused and continue to cause Plaintiffs to suffer damages, including for humiliation, emotional distress, mental anguish, pain, and suffering.

4.     Considering all facts and circumstances, including what is set forth in this Complaint, said unlawful discrimination and violation of civil rights are particularly egregious and outrageous.

WHEREFORE, Plaintiff(s) demand(s) judgment against **Defendants, NEW JERSEY INSTITUTE OF TECHNOLOGY and DAVID JONES,** on this count for the following relief:

a.     Compensatory damages;

b.     Punitive damages;

c.     Interest;

d.     Attorney fees;

e.     Costs of suit;

f.     Costs of investigation;

g.     Declaratory relief, including that said Defendants committed unlawful discrimination and violated civil rights under N.J.S.A. 10:5-1 *et seq.*;

h.     Injunctive relief restraining and enjoining current, continued, and future violations of N.J.S.A. 10:5-1 *et seq.*; and

i.     Such other relief as the Court deems equitable and just under the circumstances.

## COUNT SIX

1.      Plaintiff(s) repeat(s) and re-allege(s) the allegations above as if set forth at length herein.

2.      Jones' demand to Won to remove SJP as an organization on Won's informal roster of identity-based student organizations is unlawful discrimination based on national origin and a violation of civil rights under N.J.S.A. 10:5-1 *et seq.*

3.      Said unlawful discrimination and violation of civil rights have caused and continue to cause Plaintiffs to suffer damages, including for humiliation, emotional distress, mental anguish, pain, and suffering.

4.      Considering all facts and circumstances, including what is set forth in this Complaint, said unlawful discrimination and violation of civil rights are particularly egregious and outrageous.

WHEREFORE, Plaintiff(s) demand(s) judgment against **Defendants, NEW JERSEY INSTITUTE OF TECHNOLOGY and DAVID JONES,** on this count for the following relief:

a.      Compensatory damages;

b.      Punitive damages;

c.      Interest;

d.      Attorney fees;

e.      Costs of suit;

f.      Costs of investigation;

g.      Declaratory relief, including that said Defendants committed unlawful discrimination and violated civil rights under N.J.S.A. 10:5-1 *et seq.*;

h.      Injunctive relief restraining and enjoining current, continued, and future violations of N.J.S.A. 10:5-1 *et seq.*; and

i.      Such other relief as the Court deems equitable and just under the circumstances.

## COUNT SEVEN

1.      Plaintiff(s) repeat(s) and re-allege(s) the allegations above as if set forth at length herein.

2.      Wilson's treatment of SJP-NJIT members as set forth herein is unlawful discrimination based on race and a violation of civil rights under N.J.S.A. 10:5-1 *et seq.*

3.      Said unlawful discrimination and violation of civil rights have caused and continue to cause Plaintiffs to suffer damages, including for humiliation, emotional distress, mental anguish, pain, and suffering.

4.      Considering all facts and circumstances, including what is set forth in this Complaint, said unlawful discrimination and violation of civil rights are particularly egregious and outrageous.

WHEREFORE, Plaintiff(s) demand(s) judgment against **Defendants, NEW JERSEY INSTITUTE OF TECHNOLOGY and LATOSHA WILSON,** on this count for the following relief:

a.      Compensatory damages;

b.      Punitive damages;

c.      Interest;

d.      Attorney fees;

e.      Costs of suit;

f.      Costs of investigation;

g.      Declaratory relief, including that said Defendants committed unlawful discrimination and violated civil rights under N.J.S.A. 10:5-1 *et seq.*;

h.      Injunctive relief restraining and enjoining current, continued, and future violations of N.J.S.A. 10:5-1 *et seq.*; and

i.      Such other relief as the Court deems equitable and just under the circumstances.

## COUNT EIGHT

1.      Plaintiff(s) repeat(s) and re-allege(s) the allegations above as if set forth at length herein.

2.      Wilson's treatment of SJP-NJIT members as set forth herein is unlawful discrimination based on ancestry and a violation of civil rights under N.J.S.A. 10:5-1 *et seq.*

3.      Said unlawful discrimination and violation of civil rights have caused and continue to cause Plaintiffs to suffer damages, including for humiliation, emotional distress, mental anguish, pain, and suffering.

4.      Considering all facts and circumstances, including what is set forth in this Complaint, said unlawful discrimination and violation of civil rights are particularly egregious and outrageous.

WHEREFORE, Plaintiff(s) demand(s) judgment against **Defendants, NEW JERSEY INSTITUTE OF TECHNOLOGY and LATOSHA WILSON,** on this count for the following relief:

a.      Compensatory damages;

b.      Punitive damages;

c.      Interest;

d.      Attorney fees;

e.      Costs of suit;

f.      Costs of investigation;

g.      Declaratory relief, including that said Defendants committed unlawful discrimination and violated civil rights under N.J.S.A. 10:5-1 *et seq.*;

h.      Injunctive relief restraining and enjoining current, continued, and future violations of N.J.S.A. 10:5-1 *et seq.*; and

i.      Such other relief as the Court deems equitable and just under the circumstances.

## COUNT NINE

1.      Plaintiff(s) repeat(s) and re-allege(s) the allegations above as if set forth at length herein.

2.      Wilson's treatment of SJP-NJIT members as set forth herein is unlawful discrimination based on national origin and a violation of civil rights under N.J.S.A. 10:5-1 *et seq*.

3.      Said unlawful discrimination and violation of civil rights have caused and continue to cause Plaintiffs to suffer damages, including for humiliation, emotional distress, mental anguish, pain, and suffering.

4.      Considering all facts and circumstances, including what is set forth in this Complaint, said unlawful discrimination and violation of civil rights are particularly egregious and outrageous.

5.

6.

WHEREFORE, Plaintiff(s) demand(s) judgment against **Defendants, NEW JERSEY INSTITUTE OF TECHNOLOGY and LATOSHA WILSON,** on this count for the following relief:

a.      Compensatory damages;

b.      Punitive damages;

c.      Interest;

d.      Attorney fees;

e.      Costs of suit;

f.      Costs of investigation;

g.      Declaratory relief, including that said Defendants committed unlawful discrimination and violated civil rights under N.J.S.A. 10:5-1 *et seq*.;

h.  Injunctive relief restraining and enjoining current, continued, and future violations of N.J.S.A. 10:5-1 *et seq.*; and

i.  Such other relief as the Court deems equitable and just under the circumstances.

## COUNT TEN

1.  Plaintiff(s) repeat(s) and re-allege(s) the allegations above as if set forth at length herein.

2.  Bukiet's course of conduct as set forth herein, including Bukiet's email to NJIT's administration likening supporters of Palestine to terrorists and Bukiet's harassment of Won during a presentation with aggressive questions and non sequiturs about purported antisemitism on NJIT's campus and what NJIT was doing to protect Jewish students, is unlawful discrimination based on race and a violation of civil rights under N.J.S.A. 10:5-1 *et seq.*

3.  Said unlawful discrimination and violation of civil rights have caused and continue to cause Plaintiffs to suffer damages, including for humiliation, emotional distress, mental anguish, pain, and suffering.

4.  Considering all facts and circumstances, including what is set forth in this Complaint, said unlawful discrimination and violation of civil rights are particularly egregious and outrageous.

WHEREFORE, Plaintiff(s) demand(s) judgment against **Defendants, NEW JERSEY INSTITUTE OF TECHNOLOGY and BRUCE BUKIET,** on this count for the following relief:

a.  Compensatory damages;

b.  Punitive damages;

c.  Interest;

d.  Attorney fees;

e.  Costs of suit;

f.  Costs of investigation;

g.      Declaratory relief, including that said Defendants committed unlawful discrimination and violated civil rights under N.J.S.A. 10:5-1 *et seq.*;

h.      Injunctive relief restraining and enjoining current, continued, and future violations of N.J.S.A. 10:5-1 *et seq.*; and

i.      Such other relief as the Court deems equitable and just under the circumstances.

## COUNT ELEVEN

1.      Plaintiff(s) repeat(s) and re-allege(s) the allegations above as if set forth at length herein.

2.      Bukiet's course of conduct as set forth herein, including Bukiet's email to NJIT's administration likening supporters of Palestine to terrorists and Bukiet's harassment of Won during a presentation with aggressive questions and non sequiturs about purported antisemitism on NJIT's campus and what NJIT was doing to protect Jewish students, is unlawful discrimination based on national origin and a violation of civil rights under N.J.S.A. 10:5-1 *et seq.*

3.      Said unlawful discrimination and violation of civil rights have caused and continue to cause Plaintiffs to suffer damages, including for humiliation, emotional distress, mental anguish, pain, and suffering.

4.      Considering all facts and circumstances, including what is set forth in this Complaint, said unlawful discrimination and violation of civil rights are particularly egregious and outrageous.

WHEREFORE, Plaintiff(s) demand(s) judgment against **Defendants, NEW JERSEY INSTITUTE OF TECHNOLOGY and BRUCE BUKIET,** on this count for the following relief:

a.      Compensatory damages;

b.      Punitive damages;

c.      Interest;

d.      Attorney fees;

e.      Costs of suit;

f.      Costs of investigation;

g.      Declaratory relief, including that said Defendants committed unlawful discrimination and violated civil rights under N.J.S.A. 10:5-1 *et seq.*;

h.      Injunctive relief restraining and enjoining current, continued, and future violations of N.J.S.A. 10:5-1 *et seq.*; and

i.      Such other relief as the Court deems equitable and just under the circumstances.

## COUNT TWELVE

1.      Plaintiff(s) repeat(s) and re-allege(s) the allegations above as if set forth at length herein.

2.      Bukiet's course of conduct as set forth herein, including Bukiet's email to NJIT's administration likening supporters of Palestine to terrorists and Bukiet's harassment of Won during a presentation with aggressive questions and non sequiturs about purported antisemitism on NJIT's campus and what NJIT was doing to protect Jewish students, is unlawful discrimination based on ancestry and a violation of civil rights under N.J.S.A. 10:5-1 *et seq.*

3.      Said unlawful discrimination and violation of civil rights have caused and continue to cause Plaintiffs to suffer damages, including for humiliation, emotional distress, mental anguish, pain, and suffering.

4.      Considering all facts and circumstances, including what is set forth in this Complaint, said unlawful discrimination and violation of civil rights are particularly egregious and outrageous.

WHEREFORE, Plaintiff(s) demand(s) judgment against **Defendants, NEW JERSEY INSTITUTE OF TECHNOLOGY and BRUCE BUKIET,** on this count for the following relief:

a.      Compensatory damages;

b.      Punitive damages;

Page 19 of 24

c.      Interest;

d.      Attorney fees;

e.      Costs of suit;

f.      Costs of investigation;

g.      Declaratory relief, including that said Defendants committed unlawful discrimination and violated civil rights under N.J.S.A. 10:5-1 *et seq.*;

h.      Injunctive relief restraining and enjoining current, continued, and future violations of N.J.S.A. 10:5-1 *et seq.*; and

i.      Such other relief as the Court deems equitable and just under the circumstances.

THE LAW OFFICE OF RAJEH A. SAADEH, L.L.C.
Attorneys for **Plaintiff(s)**

**Lindsay A. McKillop**

Dated: **November 7, 2025**November 18, 2025

## DESIGNATION OF TRIAL COUNSEL

**Plaintiff(s)** designate(s) **Lindsay A. McKillop**, Esq., as trial counsel.

THE LAW OFFICE OF RAJEH A. SAADEH, L.L.C.
Attorneys for **Plaintiff(s)**

**Lindsay A. McKillop**

Dated: **November 7, 2025**

## JURY DEMAND

**Plaintiff(s)** demand(s) trial by a jury of **twelve (12)** on all non-equitable demands.

THE LAW OFFICE OF RAJEH A. SAADEH, L.L.C.
Attorneys for **Plaintiff(s)**

**Lindsay A. McKillop**

Dated: **November 7, 2025**November 18, 2025

## NOTICE OF OTHER ACTIONS AND POTENTIALLY LIABLE PARTIES

The matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated.

There are no other known non-parties who should be joined in the action or who is subject to joinder.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

THE LAW OFFICE OF RAJEH A. SAADEH, L.L.C.
Attorneys for **Plaintiff(s)**

**Lindsay A. McKillop**

Dated: **November 7, 2025**November 18, 2025

## <u>REDACTION OF CONFIDENTIAL IDENTIFIERS</u>

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future.

THE LAW OFFICE OF RAJEH A. SAADEH, L.L.C.
Attorneys for **Plaintiff(s)**

**Lindsay A. McKillop**

Dated: **November 7, 2025**November 18, 2025

Page 24 of 24

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-008839-25

**Case Caption:** STUDENTS FOR JUSTICE  IN PALES  VS NEW JERSEY INS

**Case Initiation Date:** 11/18/2025

**Attorney Name:** LINDSAY ALEXANDRA MCKILLOP

**Firm Name:** RAJEH A. SAADEH, LLC

**Address:** 1200 ROUTE 22 EAST STE 2000 BRIDGEWATER NJ 08807

**Phone:** 9088647884

**Name of Party:** PLAINTIFF : Students for Justice in Palest

**Name of Defendant's Primary Insurance Company**

(if known): None

**Case Type:** CIVIL RIGHTS

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Students for Justice in Palest? NO**

**Are sexual abuse claims alleged by: New Jersey Institute of Techno? NO**

**Are sexual abuse claims alleged by: Yahya Habehh? NO**

**Are sexual abuse claims alleged by: Umair Kahn? NO**

**Are sexual abuse claims alleged by: Usman Ahmad Khwaja? NO**

**Are sexual abuse claims alleged by: Ibraheem Aljayeh? NO**

**Are sexual abuse claims alleged by: Ahmad Jamhour? NO**

**Are sexual abuse claims alleged by: Faris Qaddoura? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

| 11/18/2025 | /s/ LINDSAY ALEXANDRA MCKILLOP |
|---|---|
| Dated | Signed |

ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK              NJ 07102

                                   TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 776-9300
COURT HOURS  8:30 AM - 4:30 PM


                        DATE:   NOVEMBER 18, 2025
                        RE:     STUDENTS FOR JUSTICE  IN PALES  VS NEW JERSEY INS
                        DOCKET: ESX L -008839 25


     THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON ALDO J. RUSSO

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:  (973) 776-9300 EXT 55821.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                   ATT: LINDSAY A. MCKILLOP
                                   RAJEH A. SAADEH, LLC
                                   1200 ROUTE 22 EAST
                                   STE 2000
                                   BRIDGEWATER       NJ 08807


ECOURTS

‖ 8 1 3 1 1 1 ‖

**Plaintiff**
STUDENTS FOR JUSTICE IN PALESTINE, NEW JERSEY INSTITUTE OF TECHNOLOGY CHAPTER, ET AL

vs

**Defendant**
NEW JERSEY INSTITUTE OF TECHNOLOGY, ET AL

**SUPERIOR COURT OF NEW JERSEY**

**LAW DIVISION:**

**ESSEX COUNTY**

DOCKET NO. ESX-L-008839-25

**AFFIDAVIT OF SERVICE**
(for use by Private Service)

Cost of Service pursuant to R4:4-30

$ _____

**Person to be served: MATTHEW GOLDEN**

**Address:**
323 DR. MARTIN LUTHER KING JR. BOULEVARD
NEWARK NJ 07102

**SERVED AT:**
495 BROAD STREET
ROOM 310
NEWARK NJ 07102

**Attorney:**
LAW OFF. OF RAJEH SAADEH
1200 ROUTE 22 EAST SUITE 2000
BRIDGEWATER NJ 08807

**Papers Served:**
SUMMONS, COMPLAINT & CASE INFORMATION STATEMENT TRACK ASSIGNMENT NOTICE

**Service Data:**

Served Successfully __✓__   Not Served _____   Date: __12/02/25__   Time: __03:35PM__   Attempts: _____

_____ Delivered a copy to him/her personally

_____ Left a copy with a competent household member over 14 years of age residing therein at place of abode.

__✓__ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship/title

SANDY CURKO

AUTHORIZED TO ACCEPT SERVICE

**Description of Person Accepting Service:**

Age: 51   Height: 5'6   Weight: 160   Hair: BLONDE   Sex: FEMALE   Race: CAUC

**Non-Served:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on: _____ Date _____ Time
_____ Date _____ Time
_____ Date _____ Time
( ) Other:_____ Comments or Remarks_____

Subscribed and Sworn to me this
__8TH__ day of __December 2025__

I, NICHOLAS LAIETTA _____, was at time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.



*Ariana Sanchez*

**Notary Signature**



*Nicholas Laietta*

**Signature of Process Server**

12/08/2025 01:26 PM EST

**Date**

ARIANA G. SANCHEZ
Notary Public, State of New Jersey
Comm. # 50229416
My Commission Expires 1/21/2030

Online Notary Public. Notarization facilitated by SIGNiX®

**DGR LEGAL, INC.**
1359 Littleton Road, Morris Plains, NJ 07950-3000
(973) 403-1700  Fax (973) 403-9222

**Work Order No.** 813111

**File No.** ESX-L-008839-25

Lindsay A. McKillop - 276512018
The Law Office of Rajeh A. Saadeh, L.L.C.
1200 Route 22 East, Suite 2000
Bridgewater, New Jersey 08807-2943
(908) 864-7884
Attorneys for **Plaintiff(s)**

| | | |
|---|---|---|
| **YAHYA HABEHH, UMAIR KHAN, USMAN AHMAD KHWAJA, IBRAHEEM ALJAYEH, AHMAD JAMHOUR AND FARIS QADDOURA,**<br><br>Plaintiff(s),<br><br>v.<br><br>**NEW JERSEY INSTITUTE OF TECHNOLOGY; DAVID JONES; MARYBETH BOGER; MATTHEW GOLDEN; ANDREW CHRIST; LATOSHA WILSON; BRUCE BUKIET; JANE & JOHN DOES 1-10 AND XYZ CORPORATIONS 1-10 (FICTITIOUS DEFENDANTS),**<br><br>Defendant(s). | : : : : : : : : : : : : : | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION – FAMILY PART<br>**ESSEX** COUNTY<br>DOCKET NO. **ESX-L-8839-25**<br><br><u>CIVIL ACTION</u><br><br>**SUMMONS** |

From the State of New Jersey to the Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within thirty-five (35) days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney, whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with a fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense. If you do not file and serve a written answer or motion within thirty-five (35) days, the court may enter judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment. If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management

Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Clerk of the Superior Court

Dated: November 20, 2025
Name of Defendant to Be Served: **MATTHEW GOLDEN**
Address of Defendant to Be Served: **323 Dr Martin Luther King Jr. Blvd., Newark, NJ 07102**

## Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street,  Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

**Plaintiff**
STUDENTS FOR JUSTICE IN PALESTINE, NEW JERSEY INSTITUTE OF TECHNOLOGY CHAPTER, ET AL

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION:**
**ESSEX COUNTY**

DOCKET NO.  ESX-L-008839-25

vs

**Defendant**
NEW JERSEY INSTITUTE OF TECHNOLOGY, ET AL

**AFFIDAVIT OF SERVICE**
(for use by Private Service)

Person to be served:  DAVID JONES

Cost of Service pursuant to R4:4-30

$ _____

| | |
|---|---|
| **Address:**<br>323 DR. MARTIN LUTHER<br>KING JR. BOULEVARD<br>NEWARK NJ 07102 | **SERVED AT:**<br>495 BROAD STREET<br>ROOM 310<br>NEWARK NJ 07102 |

**Attorney:**
   LAW OFF. OF RAJEH SAADEH
   1200 ROUTE 22 EAST SUITE 2000
   BRIDGEWATER NJ 08807

**Papers Served:**
SUMMONS, COMPLAINT & CASE INFORMATION STATEMENT TRACK ASSIGNMENT NOTICE

**Service Data:**

Served Successfully __✓__    Not Served _____    Date: __12/02/25__    Time: __03:35PM__    Attempts: _____

_____ Delivered a copy to him/her personally

Name of Person Served and relationship/title

_____ Left a copy with a competent household member over 14 years of age residing therein at place of abode.

SANDY CURKO _____

__✓__ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

AUTHORIZED TO ACCEPT SERVICE _____

_____

**Description of Person Accepting Service:**

Age: 51      Height: 5'6      Weight: 160      Hair:  BLONDE      Sex: FEMALE      Race: CAUC

**Non-Served:**

   ( ) Defendant is unknown at the address furnished by the attorney
   ( ) All reasonable inquiries suggest defendant moved to an undetermined address
   ( ) No such street in municipality
   ( ) No response on: _____ Date _____ Time
                        _____ Date _____ Time
                        _____ Date _____ Time
   ( ) Other:_____ Comments or Remarks_____

I, NICHOLAS LAIETTA _____ , was at time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Subscribed and Sworn to me this
__8TH__ day of __December 2025__

*Ariana Sanchez*
_____
**Notary Signature**

*Nicholas Laietta*   12/08/2025 01:26 PM EST
_____
**Signature of Process Server**      **Date**

ARIANA G. SANCHEZ
Notary Public, State of New Jersey
Comm. # 50229416
My Commission Expires 1/21/2030

Online Notary Public. Notarization facilitated by SIGNiX®

**DGR LEGAL, INC.**
1359 Littleton Road, Morris Plains, NJ 07950-3000
(973) 403-1700  Fax (973) 403-9222

**Work Order No.**    813110

**File No.**   ESX-L-008839-25

Lindsay A. McKillop - 276512018
The Law Office of Rajeh A. Saadeh, L.L.C.
1200 Route 22 East, Suite 2000
Bridgewater, New Jersey 08807-2943
(908) 864-7884
Attorneys for **Plaintiff(s)**

| | | |
|---|---|---|
| **YAHYA HABEHH, UMAIR KHAN, USMAN AHMAD KHWAJA, IBRAHEEM ALJAYEH, AHMAD JAMHOUR AND FARIS QADDOURA,**<br><br>Plaintiff(s),<br><br>v.<br><br>**NEW JERSEY INSTITUTE OF TECHNOLOGY; DAVID JONES; MARYBETH BOGER; MATTHEW GOLDEN; ANDREW CHRIST; LATOSHA WILSON; BRUCE BUKIET; JANE & JOHN DOES 1-10 AND XYZ CORPORATIONS 1-10 (FICTITIOUS DEFENDANTS),**<br><br>Defendant(s). | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION – FAMILY PART<br>**ESSEX** COUNTY<br>DOCKET NO. **ESX-L-8839-25**<br><br>_CIVIL ACTION_<br><br>**SUMMONS** |

From the State of New Jersey to the Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within thirty-five (35) days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney, whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with a fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense. If you do not file and serve a written answer or motion within thirty-five (35) days, the court may enter judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment. If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management

Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Clerk of the Superior Court

Dated: November 20, 2025
Name of Defendant to Be Served: **DAVID JONES**
Address of Defendant to Be Served: **323 Dr Martin Luther King Jr. Blvd., Newark, NJ 07102**

## Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street,  Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

```
||||| |||| ||| ||| |||||
    8  1  3  1  0  8
```

**SUPERIOR COURT OF NEW JERSEY**

**LAW DIVISION:**

**ESSEX COUNTY**

**DOCKET NO.  ESX-L-008839-25**

**Plaintiff**
STUDENTS FOR JUSTICE IN PALESTINE, NEW JERSEY INSTITUTE OF TECHNOLOGY CHAPTER, ET AL

vs

**Defendant**
NEW JERSEY INSTITUTE OF TECHNOLOGY, ET AL

**AFFIDAVIT OF SERVICE**
(for use by Private Service)

**Person to be served:** ANDREW CHRIST

Cost of Service pursuant to R4:4-30

$ _____

**Address:**
323 DR. MARTIN LUTHER
KING JR. BOULEVARD
NEWARK NJ 07102

**SERVED AT:**
495 BROAD STREET
ROOM 310
NEWARK NJ 07102

**Attorney:**
LAW OFF. OF RAJEH SAADEH
1200 ROUTE 22 EAST SUITE 2000
BRIDGEWATER NJ 08807

**Papers Served:**
SUMMONS, COMPLAINT & CASE INFORMATION STATEMENT TRACK ASSIGNMENT NOTICE

**Service Data:**

Served Successfully __✓__     Not Served _____     Date: __12/02/25__     Time: __03:35PM__     Attempts: _____

_____ Delivered a copy to him/her personally

_____ Left a copy with a competent household member over 14 years of age residing therein at place of abode.

__✓__ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship/title

SANDY CURKO

AUTHORIZED TO ACCEPT SERVICE

**Description of Person Accepting Service:**

Age: 51     Height: 5'6     Weight: 160     Hair: BLONDE     Sex: FEMALE     Race: CAUC

**Non-Served:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on: _____   Date _____   Time _____
                     _____   Date _____   Time _____
                     _____   Date _____   Time _____
( ) Other:_____   Comments or Remarks_____

Subscribed and Sworn to me this
__8TH__ day of __December 2025__

I, NICHOLAS LAIETTA _____, was at time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

*Ariana Sanchez*

_____
**Notary Signature**

*Nicholas Laietta*      12/08/2025 01:26 PM EST

_____
**Signature of Process Server**          **Date**

ARIANA G. SANCHEZ
Notary Public, State of New Jersey
Comm. # 50229416
My Commission Expires 1/21/2030

Online Notary Public. Notarization
facilitated by SIGNiX®

**DGR LEGAL, INC.**
1359 Littleton Road, Morris Plains, NJ 07950-3000
(973) 403-1700  Fax (973) 403-9222

**Work Order No.     813108**

**File No.   ESX-L-008839-25**

**Lindsay A. McKillop - 276512018**
The Law Office of Rajeh A. Saadeh, L.L.C.
1200 Route 22 East, Suite 2000
Bridgewater, New Jersey 08807-2943
(908) 864-7884
Attorneys for **Plaintiff(s)**

| | |
|---|---|
| YAHYA HABEHH, UMAIR KHAN, USMAN AHMAD KHWAJA, IBRAHEEM ALJAYEH, AHMAD JAMHOUR AND FARIS QADDOURA, <br><br> Plaintiff(s), <br><br> v. <br><br> NEW JERSEY INSTITUTE OF TECHNOLOGY; DAVID JONES; MARYBETH BOGER; MATTHEW GOLDEN; ANDREW CHRIST; LATOSHA WILSON; BRUCE BUKIET; JANE & JOHN DOES 1-10 AND XYZ CORPORATIONS 1-10 (FICTITIOUS DEFENDANTS), <br><br> Defendant(s). | SUPERIOR COURT OF NEW JERSEY <br> CHANCERY DIVISION – FAMILY PART <br> **ESSEX** COUNTY <br> DOCKET NO. **ESX-L-8839-25** <br><br> <u>CIVIL ACTION</u> <br><br> **SUMMONS** |

From the State of New Jersey to the Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within thirty-five (35) days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney, whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with a fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense. If you do not file and serve a written answer or motion within thirty-five (35) days, the court may enter judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment. If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management

Office      in      the      county      listed      above      and      online      at
http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Clerk of the Superior Court

Dated: November 20, 2025

Name of Defendant to Be Served: **ANDREW CHRIST**

Address of Defendant to Be Served: **323 Dr Martin Luther King Jr. Blvd., Newark, NJ 07102**

# Directory of Superior Court Deputy Clerk's Offices
# County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

**Plaintiff**
STUDENTS FOR JUSTICE IN PALESTINE, NEW JERSEY INSTITUTE OF TECHNOLOGY CHAPTER, ET AL

vs

**Defendant**
NEW JERSEY INSTITUTE OF TECHNOLOGY, ET AL

Person to be served: MARYBETH BOGER

**Address:**
323 DR. MARTIN LUTHER
KING JR. BOULEVARD
NEWARK NJ 07102

**SERVED AT:**
495 BROAD STREET
ROOM 301
NEWARK NJ 07102

**Attorney:**
LAW OFF. OF RAJEH SAADEH
1200 ROUTE 22 EAST SUITE 2000
BRIDGEWATER NJ 08807

**Papers Served:**
SUMMONS, COMPLAINT & CASE INFORMATION STATEMENT TRACK ASSIGNMENT NOTICE

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION:**
**ESSEX COUNTY**

DOCKET NO.  ESX-L-008839-25

**AFFIDAVIT OF SERVICE**
(for use by Private Service)

Cost of Service pursuant to R4:4-30

$ _____

**Service Data:**

Served Successfully _____    Not Served _____    Date: __12/02/25__    Time: __03:35PM__    Attempts: _____

_____  Delivered a copy to him/her personally

_____  Left a copy with a competent household
member over 14 years of age residing therein at place of abode.

_____  Left a copy with a person authorized to accept
service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship/title

SANDY CURKO

AUTHORIZED TO ACCEPT SERVICE

**Description of Person Accepting Service:**

Age: 51      Height: 5'6      Weight: 160      Hair: BLONDE      Sex: FEMALE      Race: CAUC

**Non-Served:**

(  ) Defendant is unknown at the address furnished by the attorney
(  ) All reasonable inquiries suggest defendant moved to an undetermined address
(  ) No such street in municipality
(  ) No response on: _____ Date _____ Time
_____ Date _____ Time
_____ Date _____ Time
(  ) Other: _____    Comments or Remarks _____

Subscribed and Sworn to me this
__8TH__ day of December 2025

I, NICHOLAS LAIETTA _____, was at
time of service a competent adult not having a direct
interest in the litigation. I declare under penalty
of perjury that the foregoing is true and correct.

*Ariana Sanchez*                      *Nicholas Laietta*        12/08/2025 01:26 PM EST

**Notary Signature**                  **Signature of Process Server**        **Date**

ARIANA G. SANCHEZ
Notary Public, State of New Jersey
Comm. # 50229416
My Commission Expires 1/21/2030

Online Notary Public. Notarization
facilitated by SIGNiX®

DGR LEGAL, INC.
1359 Littleton Road, Morris Plains, NJ 07950-3000
(973) 403-1700  Fax (973) 403-9222

Work Order No.    813104

File No.   ESX-L-008839-25

Lindsay A. McKillop - 276512018
The Law Office of Rajeh A. Saadeh, L.L.C.
1200 Route 22 East, Suite 2000
Bridgewater, New Jersey 08807-2943
(908) 864-7884
Attorneys for **Plaintiff(s)**

| | | |
|---|---|---|
| YAHYA HABEHH, UMAIR KHAN, USMAN AHMAD KHWAJA, IBRAHEEM ALJAYEH, AHMAD JAMHOUR AND FARIS QADDOURA, <br><br> Plaintiff(s), <br><br> v. <br><br> NEW JERSEY INSTITUTE OF TECHNOLOGY; DAVID JONES; MARYBETH BOGER; MATTHEW GOLDEN; ANDREW CHRIST; LATOSHA WILSON; BRUCE BUKIET; JANE & JOHN DOES 1-10 AND XYZ CORPORATIONS 1-10 (FICTITIOUS DEFENDANTS), <br><br> Defendant(s). | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION – FAMILY PART ESSEX COUNTY DOCKET NO. **ESX-L-8839-25** <br><br> <u>CIVIL ACTION</u> <br><br> **SUMMONS** |

From the State of New Jersey to the Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within thirty-five (35) days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney, whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with a fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense. If you do not file and serve a written answer or motion within thirty-five (35) days, the court may enter judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment. If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management

Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Clerk of the Superior Court

Dated: November 20, 2025

Name of Defendant to Be Served: **MARYBETH BOGER**

Address of Defendant to Be Served: **323 Dr Martin Luther King Jr. Blvd., Newark, NJ 07102**

## Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

‖‖‖ 8 1 3 1 1 2 ‖‖‖

**SUPERIOR COURT OF NEW JERSEY**

**LAW DIVISION:**

**ESSEX COUNTY**

DOCKET NO.  ESX-L-008839-25

**Plaintiff**
STUDENTS FOR JUSTICE IN PALESTINE, NEW JERSEY INSTITUTE OF TECHNOLOGY CHAPTER, ET AL

vs

**Defendant**
NEW JERSEY INSTITUTE OF TECHNOLOGY, ET AL

**AFFIDAVIT OF SERVICE**
(for use by Private Service)

Cost of Service pursuant to R4:4-30

$ _____

Person to be served: NEW JERSEY INSTITUTE OF TECHNOLOGY
Address:
323 DR. MARTIN LUTHER
KING JR. BOULEVARD
NEWARK NJ 07102

SERVED AT:
495 BROAD STREET
ROOM 310
NEWARK NJ 07102

Attorney:
LAW OFF. OF RAJEH SAADEH
1200 ROUTE 22 EAST SUITE 2000
BRIDGEWATER NJ 08807

Papers Served:
SUMMONS, COMPLAINT & CASE INFORMATION STATEMENT TRACK ASSIGNMENT NOTICE

Service Data:

Served Successfully _____✓____   Not Served _____   Date: __12/02/25__   Time: __03:35PM__   Attempts: _____

_____ Delivered a copy to him/her personally

_____ Left a copy with a competent household member over 14 years of age residing therein at place of abode.

___✓___ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship/title

SANDY CURKO _____

MANAGING AGENT _____

_____

Description of Person Accepting Service:

Age: 51     Height: 5'6     Weight: 160     Hair:  BLONDE     Sex: FEMALE     Race: CAUC

Non-Served:

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on: _____ Date _____ Time
                     _____ Date _____ Time
                     _____ Date _____ Time
( ) Other:_____   Comments or Remarks_____

Subscribed and Sworn to me this
__8TH____ day of __December 2025__

I, NICHOLAS LAIETTA _____ , was at time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

*Ariana Sanchez*           *Nicholas Laietta*     12/08/2025 01:26 PM EST

_____        _____
**Notary Signature**                 **Signature of Process Server**        **Date**

ARIANA G. SANCHEZ
Notary Public, State of New Jersey
Comm. # 50229416
My Commission Expires 1/21/2030

Online Notary Public. Notarization facilitated by SIGNiX®

**DGR LEGAL, INC.**
1359 Littleton Road, Morris Plains, NJ 07950-3000
(973) 403-1700  Fax (973) 403-9222

**Work Order No.    813112**

**File No.   ESX-L-008839-25**

**Lindsay A. McKillop - 276512018**
The Law Office of Rajeh A. Saadeh, L.L.C.
1200 Route 22 East, Suite 2000
Bridgewater, New Jersey 08807-2943
(908) 864-7884
Attorneys for **Plaintiff(s)**

| | | |
|---|---|---|
| YAHYA HABEHH, UMAIR KHAN, USMAN AHMAD KHWAJA, IBRAHEEM ALJAYEH, AHMAD JAMHOUR AND FARIS QADDOURA,<br><br>Plaintiff(s),<br><br>v.<br><br>NEW JERSEY INSTITUTE OF TECHNOLOGY; DAVID JONES; MARYBETH BOGER; MATTHEW GOLDEN; ANDREW CHRIST; LATOSHA WILSON; BRUCE BUKIET; JANE & JOHN DOES 1-10 AND XYZ CORPORATIONS 1-10 (FICTITIOUS DEFENDANTS),<br><br>Defendant(s). | : : : : : : : : : : : : : : : | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION – FAMILY PART<br>ESSEX COUNTY<br>DOCKET NO. **ESX-L-8839-25**<br><br><u>CIVIL ACTION</u><br><br>**SUMMONS** |

From the State of New Jersey to the Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within thirty-five (35) days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney, whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with a fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense. If you do not file and serve a written answer or motion within thirty-five (35) days, the court may enter judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment. If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management

Office       in       the       county       listed       above       and       online       at
http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Clerk of the Superior Court

Dated: November 20, 2025

Name of Defendant to Be Served: **NEW JERSEY INSTITUTE OF TECHNOLOGY**

Address of Defendant to Be Served: **323 Dr Martin Luther King Jr. Blvd., Newark, NJ 07102**

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street,  Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

|||||||||| 8 1 3 1 0 7 ||||||||||

**Plaintiff**
STUDENTS FOR JUSTICE IN PALESTINE, NEW JERSEY INSTITUTE OF TECHNOLOGY CHAPTER, ET AL

vs

**Defendant**
NEW JERSEY INSTITUTE OF TECHNOLOGY, ET AL

**Person to be served:** BRUCE BUKIET

**Address:**
323 DR. MARTIN LUTHER KING JR. BOULEVARD, *CULLIMOR BLDG, 6th FlOOR*
NEWARK NJ 07102

**Attorney:**
LAW OFF. OF RAJEH SAADEH
1200 ROUTE 22 EAST SUITE 2000
BRIDGEWATER NJ 08807

**Papers Served:**
SUMMONS, COMPLAINT & CASE INFORMATION STATEMENT TRACK ASSIGNMENT NOTICE

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION:
ESSEX COUNTY

DOCKET NO.  ESX-L-008839-25

**AFFIDAVIT OF SERVICE**
(for use by Private Service)

Cost of Service pursuant to R4:4-30

$ _____

**Service Data:**

Served Successfully __✓__    Not Served _____    Date: _12/02/25_    Time: _03:33PM_    Attempts: _____

__✓__ Delivered a copy to him/her personally

_____ Left a copy with a competent household member over 14 years of age residing therein at place of abode.

_____ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship/title

BRUCE BUKIET

PERSONALLY

**Description of Person Accepting Service:**

Age: 67    Height: 5'6    Weight: 175    Hair: GRAY    Sex: MALE    Race: CAUC

**Non-Served:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on: _____ Date _____ Time
                    _____ Date _____ Time
                    _____ Date _____ Time
( ) Other:_____ Comments or Remarks_____

Subscribed and Sworn to me this
_8TH_ day of _December 2025_

I, NICHOLAS LAIETTA _____, was at time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

*Ariana Sanchez*  [DIGITALLY SIGNED]
_____
**Notary Signature**

*Nicholas Laietta*  [DIGITALLY SIGNED]  12/08/2025 01:26 PM EST
_____
**Signature of Process Server**            **Date**

ARIANA G. SANCHEZ
Notary Public, State of New Jersey
Comm. # 50229416
My Commission Expires 1/21/2030

Online Notary Public. Notarization facilitated by SIGNiX®

DGR LEGAL, INC.
1359 Littleton Road, Morris Plains, NJ 07950-3000
(973) 403-1700 Fax (973) 403-9222

**Work Order No.** 813107

**File No.** ESX-L-008839-25

Lindsay A. McKillop - 276512018
The Law Office of Rajeh A. Saadeh, L.L.C.
1200 Route 22 East, Suite 2000
Bridgewater, New Jersey 08807-2943
(908) 864-7884
Attorneys for **Plaintiff(s)**

| | | |
|---|---|---|
| YAHYA HABEHH, UMAIR KHAN, USMAN AHMAD KHWAJA, IBRAHEEM ALJAYEH, AHMAD JAMHOUR AND FARIS QADDOURA,<br><br>Plaintiff(s),<br><br>v.<br><br>NEW JERSEY INSTITUTE OF TECHNOLOGY; DAVID JONES; MARYBETH BOGER; MATTHEW GOLDEN; ANDREW CHRIST; LATOSHA WILSON; BRUCE BUKIET; JANE & JOHN DOES 1-10 AND XYZ CORPORATIONS 1-10 (FICTITIOUS DEFENDANTS),<br><br>Defendant(s). | : : : : : : : : : : : : : : : | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION – FAMILY PART<br>ESSEX COUNTY<br>DOCKET NO. **ESX-L-8839-25**<br><br><u>CIVIL ACTION</u><br><br>**SUMMONS** |

From the State of New Jersey to the Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within thirty-five (35) days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney, whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with a fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense. If you do not file and serve a written answer or motion within thirty-five (35) days, the court may enter judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment. If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street,  Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
8 1 3 1 0 9

**SUPERIOR COURT OF NEW JERSEY**

**LAW DIVISION:**

**ESSEX COUNTY**

**Plaintiff**
STUDENTS FOR JUSTICE IN PALESTINE, NEW JERSEY INSTITUTE OF TECHNOLOGY CHAPTER, ET AL

vs

**Defendant**
NEW JERSEY INSTITUTE OF TECHNOLOGY, ET AL

**DOCKET NO.  ESX-L-008839-25**

**AFFIDAVIT OF SERVICE**
(for use by Private Service)

Cost of Service pursuant to R4:4-30

$ _____

**Person to be served:** LATOSHA WILSON

**Address:**
323 DR. MARTIN LUTHER
KING JR. BOULEVARD
NEWARK NJ 07102

**SERVED AT:**
495 BROAD STREET
ROOM 310
NEWARK NJ 07102

**Attorney:**
LAW OFF. OF RAJEH SAADEH
1200 ROUTE 22 EAST SUITE 2000
BRIDGEWATER NJ 08807

**Papers Served:**
SUMMONS, COMPLAINT & CASE INFORMATION STATEMENT TRACK ASSIGNMENT NOTICE

**Service Data:**

Served Successfully __✓__      Not Served _____      Date: __12/02/25__      Time: __03:35PM__      Attempts: _____

_____ Delivered a copy to him/her personally

_____ Left a copy with a competent household member over 14 years of age residing therein at place of abode.

__✓__ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship/title

SANDY CURKO _____

AUTHORIZED TO ACCEPT SERVICE _____

_____

**Description of Person Accepting Service:**

Age: 51      Height: 5'6      Weight: 160      Hair:  BLONDE      Sex: FEMALE      Race: CAUC

**Non-Served:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on: _____ Date _____ Time
                    _____ Date _____ Time
                    _____ Date _____ Time
( ) Other: _____      Comments or Remarks_____

Subscribed and Sworn to me this
__8TH__ day of   December 2025

I, NICHOLAS LAIETTA                          , was at time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

*Ariana Sanchez*  [DIGITALLY SIGNED ✓]

**Notary Signature**

*Nicholas Laietta*  [DIGITALLY SIGNED ✓]  12/08/2025 01:26 PM EST

**Signature of Process Server**          **Date**

ARIANA G. SANCHEZ
Notary Public, State of New Jersey
Comm. # 50229416
My Commission Expires 1/21/2030

Online Notary Public. Notarization facilitated by SIGNiX®

**DGR LEGAL, INC.**
**1359 Littleton Road, Morris Plains, NJ 07950-3000**
**(973) 403-1700  Fax (973) 403-9222**

**Work Order No.    813109**

**File No.   ESX-L-008839-25**

Lindsay A. McKillop - 276512018
The Law Office of Rajeh A. Saadeh, L.L.C.
1200 Route 22 East, Suite 2000
Bridgewater, New Jersey 08807-2943
(908) 864-7884
Attorneys for **Plaintiff(s)**

| | | |
|---|---|---|
| YAHYA HABEHH, UMAIR KHAN, USMAN AHMAD KHWAJA, IBRAHEEM ALJAYEH, AHMAD JAMHOUR AND FARIS QADDOURA, | : :<br>: : :<br>: | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION – FAMILY PART ESSEX COUNTY DOCKET NO. **ESX-L-8839-25** |
| Plaintiff(s), | : : | |
| | : | CIVIL ACTION |
| v. | : : | **SUMMONS** |
| | : | |
| NEW JERSEY INSTITUTE OF TECHNOLOGY; DAVID JONES; MARYBETH BOGER; MATTHEW GOLDEN; ANDREW CHRIST; LATOSHA WILSON; BRUCE BUKIET; JANE & JOHN DOES 1-10 AND XYZ CORPORATIONS 1-10 (FICTITIOUS DEFENDANTS), | : | |
| Defendant(s). | | |

From the State of New Jersey to the Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within thirty-five (35) days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney, whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with a fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense. If you do not file and serve a written answer or motion within thirty-five (35) days, the court may enter judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment. If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management

Office      in      the      county      listed      above      and      online      at
http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Clerk of the Superior Court

Dated: November 20, 2025

Name of Defendant to Be Served: **LATOSHA WILSON**

Address of Defendant to Be Served: **323 Dr Martin Luther King Jr. Blvd., Newark, NJ 07102**

## Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn:  Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

**Lindsay A. McKillop – 276512018**
The Law Office of Rajeh A. Saadeh, L.L.C.
1200 Route 22 East, Suite 2000
Bridgewater, New Jersey 08807-2943
(908) 864-7884
Attorneys for **Plaintiff(s)**

| | |
|---|---|
| STUDENTS FOR JUSTICE IN PALESTINE, NEW JERSEY INSTITUTE OF TECHNOLOGY CHAPTER; YAHYA HABEHH; UMAIR KHAN; USMAN AHMAD KHWAJA; IBRAHEEM ALJAYEH; AHMAD JAMHOUR; FARIS QADDOURA, <br><br> Plaintiff(s), <br><br> v. <br><br> NEW JERSEY INSTITUTE OF TECHNOLOGY; DAVID JONES; MARYBETH BOGER; MATTHEW GOLDEN; ANDREW CHRIST; LATOSHA WILSON; BRUCE BUKIET; JANE & JOHN DOES 1-10 and XYZ CORPORATIONS 1-10 (fictitious defendants), <br><br> Defendant(s). | SUPERIOR COURT OF NEW JERSEY **LAW DIVISION** **ESSEX** COUNTY DOCKET NO. **L-8839-25** <br><br> CIVIL ACTION <br><br> **STIPULATION EXTENDING THE TIME TO FILE AMENDED COMPLAINT AND ANSWER** |

It is hereby stipulated and agreed by and between the attorney for Plaintiff(s) and the attorney for Defendant(s), that:

– Plaintiff(s) shall file an Amended Complaint by January 23, 2026; and

– The time within which Defendants may serve and file responsive pleading to the Amended Complaint shall be February 27, 2026.

| | |
|---|---|
| **THE LAW OFFICE OF** **RAJEH A. SAADEH, L.L.C.** | **TROUTMAN PEPPER LOCKE LLP** |
| _(signature)_ | _(signature)_ |
| **Lindsay A. McKillop, Esq.** <br> Attorney for **Plaintiff(s)** | **Michael E. Baughman, Esq.** <br> Attorney for **Defendant(s)** |
| Dated: December 18, 2025 | Dated: December 18, 2025 |

**Lindsay A. McKillop – 276512018**
The Law Office of Rajeh A. Saadeh, L.L.C.
1200 Route 22 East, Suite 2000
Bridgewater, New Jersey 08807-2943
(908) 864-7884
Attorneys for **Plaintiff(s)**

| | |
|---|---|
| **STUDENTS FOR JUSTICE IN PALESTINE, NEW JERSEY INSTITUTE OF TECHNOLOGY CHAPTER; YAHYA HABEHH; UMAIR KHAN; USMAN AHMAD KHWAJA; IBRAHEEM ALJAYEH; AHMAD JAMHOUR; FARIS QADDOURA,**<br><br>Plaintiff(s),<br><br>v.<br><br>**NEW JERSEY INSTITUTE OF TECHNOLOGY; DAVID JONES; MARYBETH BOGER; MATTHEW GOLDEN; ANDREW CHRIST; LATOSHA WILSON; BRUCE BUKIET; TEIK LIM; KATHRYN HAGEMAN; MICHAEL DAVIS; JANE & JOHN DOES 1-10 and XYZ CORPORATIONS 1-10 (fictitious defendants),**<br><br>Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>**LAW DIVISION**<br>**ESSEX** COUNTY<br>DOCKET NO. **L-8839-25**<br><br>CIVIL ACTION<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff(s), by way of Complaint against Defendant(s), say(s):

## PARTIES

1. At all times relevant to this Complaint, Plaintiff, **STUDENTS FOR JUSTICE IN PALESTINE, NEW JERSEY INSTITUTE OF TECHNOLOGY CHAPTER** ("SJP-NJIT"), was a student organization at Defendant, **NEW JERSEY INSTITUTE OF TECHNOLOGY** ("NJIT").

2. At all times relevant to this Complaint, NJIT was located in the City of Newark, County of Essex, and State of New Jersey.

3.     At all times relevant to this Complaint, Plaintiff, **YAHYA HABEHH** ("Habehh"), was a student at NJIT.

4.     At all times relevant to this Complaint, Habehh resided in New Jersey.

5.     At all times relevant to this Complaint, Plaintiff, **UMAIR KHAN** ("Khan"), was a student at NJIT.

6.     At all times relevant to this Complaint, Khan resided in New Jersey.

7.     At all times relevant to this Complaint, Plaintiff, **USMAN AHMAD KHWAJA** ("Khwaja"), was a student at NJIT.

8.     At all times relevant to this Complaint, Khwaja resided in New Jersey.

9.     At all times relevant to this Complaint, Plaintiff, **IBRAHEEM ALJAYEH** ("Aljayeh"), was a student at NJIT.

10.     At all times relevant to this Complaint, Aljayeh resided in New Jersey.

11.     At all times relevant to this Complaint, Plaintiff, **AHMAD JAMHOUR** ("Jamhour"), was a student at NJIT.

12.     At all times relevant to this Complaint, Jamhour resided in New Jersey.

13.     At all times relevant to this Complaint, Plaintiff, **FARIS QADDOURA** ("Qaddoura"), was a student at NJIT.

14.     At all times relevant to this Complaint, Qaddoura resided in New Jersey.

15.     At all times relevant to this Complaint, Defendant, **DAVID JONES** ("Jones"), was the chief diversity officer at NJIT.

16.     Respecting all allegations pertaining to Jones in this Complaint, she/he/they operated in her/his/their individual capacity and in connection with her/his/their position(s) at/with NJIT.

17.     At all times relevant to this Complaint, Defendant, **MARYBETH BOGER** ("Boger"), was the dean of students at NJIT.

Page 2 of 24

18.     Respecting all allegations pertaining to Boger in this Complaint, she/he/they operated in her/his/their individual capacity and in connection with her/his/their position(s) at/with NJIT.

19.     At all times relevant to this Complaint, Defendant, **MATTHEW GOLDEN** ("Golden"), was the chief marketing and communications officer at NJIT.

20.     Respecting all allegations pertaining to Golden in this Complaint, she/he/they operated in her/his/their individual capacity and in connection with her/his/their position(s) at/with NJIT.

21.     At all times relevant to this Complaint, Defendant, **ANDREW CHRIST** ("Christ"), was a senior vice president for real estate development and capital operations at NJIT.

22.     Respecting all allegations pertaining to Christ in this Complaint, she/he/they operated in her/his/their individual capacity and in connection with her/his/their position(s) at/with NJIT.

23.     At all times relevant to this Complaint, Defendant, **LATOSHA WILSON** ("Wilson"), was an associate director of campus center operations and conference services at NJIT.

24.     Respecting all allegations pertaining to Wilson in this Complaint, she/he/they operated in her/his/their individual capacity and in connection with her/his/their position(s) at/with NJIT.

25.     At all times relevant to this Complaint, Defendant, **BRUCE BUKIET** ("Bukiet"), was a professor of mathematical studies at NJIT.

26.     Respecting all allegations pertaining to Bukiet in this Complaint, she/he/they operated in her/his/their individual capacity and in connection with her/his/their position(s) at/with NJIT.

27.     At all times relevant to this Complaint, Defendant, **TEIK LIM** ("Lim"), was the president of NJIT.

28.     Respecting all allegations pertaining to Lim in this Complaint, she/he/they operated in her/his/their individual capacity and in connection with her/his/their position(s) at/with NJIT.

29.     At all times relevant to this Complaint, Defendant, **KATHRYN HAGEMAN** ("Hageman"), was the chief of staff to the president of NJIT.

30.     Respecting all allegations pertaining to Hageman in this Complaint, she/he/they operated in her/his/their individual capacity and in connection with her/his/their position(s) at/with NJIT.

31.     At all times relevant to this Complaint, Defendant, **MICHAEL DAVIS** ("Davis"), was the director of student life at NJIT.

32.     Respecting all allegations pertaining to Davis in this Complaint, she/he/they operated in her/his/their individual capacity and in connection with her/his/their position(s) at/with NJIT.

33.     **JANE & JOHN DOES 1-10 and XYZ CORPORATIONS 1-10** are fictitious defendants whose precise identities or specific actions or inactions that would impose liability are not sufficiently known at this time.

### FACTS RELEVANT TO ALL COUNTS

### I.     First Attempts at Recognition

1.     On or around September 25, 2023, NJIT students including Habehh, Khan, Khwaja, Aljayeh, Jamhour, Qaddoura, established SJP-NJIT at NJIT.

2.     On or around October 12, 2023, Bukiet emailed various members of NJIT's administration respecting an upcoming demonstration scheduled by SJP-NJIT, likening supporters of Palestine to terrorists.

3.     On or around November 9, 2023, Bukiet harassed Won during a presentation with aggressive questions and non sequiturs about purported antisemitism on NJIT's campus and what NJIT was doing to protect Jewish students.

4.     On or around December 18, 2023, NJIT refused to allow SJP-NJIT to participate in a student involvement fair.

5.      On or around December 21, 2023, Jones emailed Won demanding that he remove SJP-NJIT from his identity-based student organization roster as it was "not a recognized student organization on campus."

6.      On or around December 21, 2023, Won emailed Jones indicating that said roster is his informal, personal document that he offers as a resource for identity-based student organizations.

7.      On or around December 21, 2023, Won emailed Jones indicating that it seems SJP-NJIT is "being targeted" because there are other clubs listed on the roster that are "not yet recognized."

8.      On or around December 21, 2023, Jones demanded Won update said roster to "only include student organizations that are officially recognized and approved by the [NJIT] [s]tudent [s]enate and [NJIT]."

9.      On or around December 21, 2023, instead of discriminating against SJP-NJIT, Won deleted said roster.

10.      To gain formal recognition by NJIT, SJP-NJIT needed an NJIT faculty or staff member to serve as an advisor to SJP-NJIT.

11.      On or around December 21, 2023, Won told Habehh that no NJIT faculty or staff member may serve as advisor to SJP-NJIT.

12.      At all times relevant to this Complaint, Christopher Won ("Won"), was the associate director for the office of inclusivity at NJIT.

13. At all times relevant to this Complaint until about December 21, 2023, Won was the faculty advisor for SJP-NJIT.

14.      At all times relevant to this Complaint, Nicholas Marshall ("Marshall") was a student at NJIT.

15. At all times relevant to this Complaint, Marshall was NJIT's director of student organizations.

16. On or around January 15, 2024, Habehh emailed Boger, Jones, Won, Marshall, and Davis memorializing Won's representation regarding faculty advisors for SJP-NJIT.

17. In the same email, Habehh asked that SJP-NJIT be treated with fairness given the ongoing, widespread discrimination against Palestinians in the United States in recent years.

18. On or around January 17, 2024, SJP-NJIT filed a formal application with NJIT to be recognized as an NJIT student organization.

19. Said application was made through NJIT's online portal, "Highlander Hub."

20. On or around January 31, 2024, Habehh reached out to Marshall requesting information as to when SJP-NJIT's recognition would be approved.

21. On or around January 31, 2024, Marshall indicated to Habehh it could take an entire semester for NJIT to decide whether SJP-NJIT's recognition would be approved.

22. On or around February 13, 2024, Boger and Jones met with students, including Habehh and Jamhour.

23. During said meeting, Boger indicated that SJP-NJIT's request to be formally recognized as an NJIT student organization was denied.

24. On or around February 13, 2024, said students emailed Boger asking why NJIT would not permit a chapter of SJP on its campus.

25. On or around February 19, 2024, Boger responded via email that NJIT will not permit a chapter of SJP on campus because it does not like the national chapter of SJP.

26. On or around May 10, 2024, Habehh met with Christ, Golden, and Boger.

27. During said meeting, Habehh provided a list of demands from SJP-NJIT.

28. These demands include that NJIT 1) permit the establishment of a Palestinian community on campus and not inhibit or restrict student freedoms; and 2) name Palestine and Palestinians, in all future communications related to conflicts in Palestine instead of vague, orientalist, Eurocentric terms such as "Middle East" and "Gaza region."

29. During said meeting, Christ, Golden, and Boger reiterated NJIT's denial of SJP's request to be formally recognized as an organization on campus.

30. During said meeting, NJIT refused to recognize Palestinians or Palestine in any official media or communication by NJIT.

31. On or around August 26, 2024, Habehh emailed Boger, Christ, and Golden following up on SJP's pending application in Highlander Hub.

32. In said email, Habehh noted that SJP's request to be formally recognized remained pending in Highlander Hub.

33. In said email, Habehh demanded that NJIT either 1) approve SJP's request to be recognized; 2) deny SJP's request to be recognized and provide reasons in writing; or 3) afford SJP a probationary period to operate as a formally recognized student organization.

34. On or around September 9, 2024, Boger emailed Habehh that NJIT will not "officially" recognize SJP as a student organization due to "the history of disruptions and policy violations supported by [the national chapter of SJP] at other universities."

35. On or around September 12, 2024, Wilson yelled at various SJP-NJIT members who asked for tape in the NJIT campus center.

36. During said incident, Wilson yelled to the members that they "are not entitled to anything" from NJIT.

37. On or around January 22, 2025, Wilson screamed at SJP-NJIT members in the middle of NJIT's campus center for using a table that a different student organization booked.

38.     Wilson was unaware that said different organization gave said SJP-NJIT members permission to use said table.

**II.     Second Attempts at Recognition**

39.     A new president was elected president of SJP-NJIT for the 2025 to 2026 school year.

40.     In or around the 2025 to 2026 school year, the Student Senate introduced a new "Recognized Student Organization Constitution Template", which SJP-NJIT complied with.

41.     On or around September 14, 2025, the new SJP-NJIT president submitted a new application via Highlander Hub for SJP-NJIT to be recognized as an official organization by the Student Senate.

42.     On or around September 25, 2025, Defendant Jones emailed the new SJP-NJIT president asking to "schedule a meeting to discuss [his] recent submission of a student organization application."

43.     On or around October 3, 2025, at approximately 11:00 a.m., the new SJP-NJIT president and vice president, met virtually with Jones, Davis, and Hanna Khadr (hereinafter "Khadr"), NJIT's director of student organizations.

44.     The meeting lasted for approximately one hour.

45.     During said meeting, the new SJP-NJIT president explained why SJP-NJIT's name is important to the organization.

46.     During said meeting, the new SJP-NJIT president explained that SJP-NJIT has no affiliation with the national chapter of SJP.

47.     During said meeting, Jones indicated that NJIT will not recognize SJP-NJIT, regardless of the fact that it is not affiliated with the national chapter of SJP.

48.     During said meeting, Jones indicated that NJIT will recognize the organization under a different name.

49.     On or around October 6, 2025, the new SJP-NJIT president emailed Boger, Jones, Davis, the new SJP-NJIT vice president, and Khadr, reiterating points discussed during the meeting.

50.     In said email, the new SJP-NJIT president also questioned why SJP-NJIT was being treated differently than other organizations at NJIT.

51.     On or around October 8, 2025, Boger sent a response to the new SJP-NJIT president's email acknowledging receipt of same and indicating, "I appreciate your thoughts on this matter and will be in touch shortly."

52.     On or around October 15, 2025, the new SJP-NJIT president followed up with Boger, asking to schedule a meeting to discuss his concerns respecting SJP-NJIT's pending application.

53.     On or around October 17, 2025, at approximately 1:30 p.m., the new SJP-NJIT president and vice president met in-person with Boger and Khadr.

54.     During said meeting, Boger explained that NJIT was not as concerned about the national chapter of SJP, given the implementation of a ceasefire between Israel and the Palestinian resistance on or around October 10, 2025.

55.     During said meeting, Boger explained that NJIT usually plays no role in the approval or new organizations.

56.     During said meeting, Boger admitted she instructed the NJIT office of student involvement and leadership not to approve SJP-NJIT's application.

57.     On or around October 17, 2025, Khadr emailed Lim, Boger, Davis, the new SJP-NJIT president and vice president, asking to schedule a meeting with Lim to discuss NJIT's refusal to recognize SJP-NJIT.

58.     On October 19, 2025, Lim's chief of staff, Hageman, responded to Khadr's email to schedule a meeting, at which she clarified she would be representing Lim.

59.     On or around October 21, 2025, at approximately 2:00 p.m., the new SJP-NJIT president and vice president met with Khadr, Hageman, and Christ.

60.     At said meeting, *inter alia*:

a.     Hageman indicated NJIT's concern with SJP-NJIT is that it shares its name with the national chapter of SJP, which purportedly caused disruptions.

b.     Hageman indicated NJIT was concerned with losing federal funding if SJP-NJIT's application was approved.

c.     Hageman indicated NJIT was concerned students would lose visas if SJP-NJIT's application was approved.

d.     Christ suggested SJP-NJIT change its name.

e.     The new SJP-NJIT president explained the significance of SJP-NJIT's name.

f.     Hageman indicated the national chapter of SJP has caused division.

g.     Christ indicated the national chapter of SJP and Hamas will cause division on campus.

h.     The new SJP-NJIT president clarified that the national chapter of SJP is not affiliated with Hamas.

i.     Christ then correlated the national chapter of SJP to Hamas.

61.     On October 28, 2025, Davis denied SJP-NJIT's application filed September 14, 2025, via Highlander Hub.

62.     In the denial, Davis indicated, "As per previous conversations between organization leaders and Senior VP for Student Affairs Dr. Marybeth Boger, this application is denied based on concerns from the university."

63.     On October 31, 2025, the new SJP-NJIT president emailed 17 members of NJIT's administration, including Lim, Hageman, Christ, Boger, Jones, Davis, and Golden, requesting 1) the reason or basis for the denial; and 2) the name(s) of the individual(s) responsible for the denial.

64.     On November 4, 2025, Hageman emailed the new SJP-NJIT president and Boger indicating, "As we previously advised you on numerous occasions, NJIT is ready and willing to approve your student group under an alternative approved name."

65.     On November 11, 2025, the new SJP-NJIT president emailed Boger, Lim. Davos, and the new SJP-NJIT vice president, inquiring, as to whether NJIT took issue with the word "Palestine" in the name of the organization and reiterating his request for 1) the reason or basis for the denial; and 2) the name(s) of the individual(s) responsible for the denial.

66.     On November 14, 2025, Davis denied SJP-NJIT's third application via Highlander Hub for SJP-NJIT to be recognized as an official organization by the Student Senate.

67.     On November 14, 2025, the new SJP-NJIT president emailed Boger, Lim, Davos, and the new SJP-NJIT vice president, following up on his email of November 11, 2025.

68.     To date, the new SJP-NJIT president has not received a response to their email of November 11, 2025.

69.     To date, SJP-NJIT is not formally recognized as a student organization by NJIT.

## COUNT ONE

**Discrimination on the Basis of Race, Creed, National Origin, and Ancestry in Violation of the New Jersey Law Against Discrimination, N.J. STAT. ANN. § 10:5-1 *et seq.*, and the New Jersey Civil Rights Act, N.J. STAT. ANN. § 10:6-1 *et seq***

1.      Plaintiff(s) repeat(s) and re-allege(s) the allegations above as if set forth at length herein.

2.      The denial of Plaintiffs' request for SJP-NJIT to be formally recognized as an NJIT student organization is unlawful discrimination based on race, creed, national origin, and ancestry

Page 11 of 24

under N.J. STAT. ANN. § 10:5-1 *et seq.* and a violation of civil rights under N.J. STAT. ANN. § 10:6-1 *et seq.*

3.      Said unlawful discrimination and violation of civil rights have caused and continue to cause Plaintiffs to suffer damages, including for humiliation, emotional distress, mental anguish, pain, and suffering.

4.      Considering all facts and circumstances, including what is set forth in this Complaint, said unlawful discrimination and violation of civil rights are particularly egregious and outrageous.

5.      Plaintiff(s) suffered resulting damages.

**WHEREFORE**, Plaintiff(s) demand(s) judgment against **Defendants, NEW JERSEY INSTITUTE OF TECHNOLOGY, MARYBETH BOGER, MATTHEW GOLDEN, ANDREW CHRIST, TEIK LIM, KATHRYN HAGEMAN, and MICHAEL DAVIS** on this count for the following relief:

a.      Compensatory damages;

b.      Punitive damages;

c.      Interest;

d.      Attorney fees;

e.      Costs of suit;

f.      Costs of investigation;

g.      Declaratory relief, including that said Defendants committed unlawful discrimination and violated civil rights under N.J.S.A. 10:5-1 *et seq.*;

h.      Injunctive relief restraining and enjoining current, continued, and future violations of N.J.S.A. 10:5-1 *et seq.*, including by:

i.      Compelling NJIT to formally recognize SJP-NJIT as an official student organization at NJIT;

    ii.      Anti-discrimination training for all faculty and management level and above employees of NJIT;

i.      Such other relief as the Court deems equitable and just under the circumstances.

## COUNT TWO

**Discrimination on the Basis of Race, Creed, National Origin, and Ancestry in Violation of the New Jersey Law Against Discrimination, N.J. STAT. ANN. § 10:5-1 *et seq.*, and the New Jersey Civil Rights Act, N.J. STAT. ANN. § 10:6-1 *et seq***

1.      Plaintiff(s) repeat(s) and re-allege(s) the allegations above as if set forth at length herein.

2.      Jones' demand to Won to remove SJP as an organization on Won's informal roster of identity-based student organizations is unlawful discrimination based on race, creed, national origin, and ancestry under N.J. STAT. ANN. § 10:5-1 *et seq.* and a violation of civil rights under N.J. STAT. ANN. § 10:6-1 *et seq.*

3.      Said unlawful discrimination and violation of civil rights have caused and continue to cause Plaintiffs to suffer damages, including for humiliation, emotional distress, mental anguish, pain, and suffering.

4.      Considering all facts and circumstances, including what is set forth in this Complaint, said unlawful discrimination and violation of civil rights are particularly egregious and outrageous.

5.      Plaintiff(s) suffered resulting damages.

**WHEREFORE**, Plaintiff(s) demand(s) judgment against **Defendants, NEW JERSEY INSTITUTE OF TECHNOLOGY and DAVID JONES,** on this count for the following relief:

a.      Compensatory damages;

b.      Punitive damages;

c.      Interest;

d.      Attorney fees;

e.   Costs of suit;

f.   Costs of investigation;

g.   Declaratory relief, including that said Defendants committed unlawful discrimination and violated civil rights under N.J.S.A. 10:5-1 *et seq.*;

h.   Injunctive relief restraining and enjoining current, continued, and future violations of N.J.S.A. 10:5-1 *et seq.*, including by:

   i.   Compelling NJIT to formally recognize SJP-NJIT as an official student organization at NJIT;

   ii.   Anti-discrimination training for all faculty and management level and above employees of NJIT;

i.   Such other relief as the Court deems equitable and just under the circumstances.

## COUNT THREE

**Discrimination on the Basis of Race, Creed, National Origin, and Ancestry in Violation of the New Jersey Law Against Discrimination, N.J. STAT. ANN. § 10:5-1 *et seq.*, and the New Jersey Civil Rights Act, N.J. STAT. ANN. § 10:6-1 *et seq***

1.   Plaintiff(s) repeat(s) and re-allege(s) the allegations above as if set forth at length herein.

2.   Wilson's treatment of SJP-NJIT members as set forth herein is unlawful discrimination based on race, creed, national origin, and ancestry under N.J. STAT. ANN. § 10:5-1 *et seq.* and a violation of civil rights under N.J. STAT. ANN. § 10:6-1 *et seq.*

3.   Said unlawful discrimination and violation of civil rights have caused and continue to cause Plaintiffs to suffer damages, including for humiliation, emotional distress, mental anguish, pain, and suffering.

4.   Considering all facts and circumstances, including what is set forth in this Complaint, said unlawful discrimination and violation of civil rights are particularly egregious and outrageous.

5.	Plaintiff(s) suffered resulting damages.

**WHEREFORE,** Plaintiff(s) demand(s) judgment against **Defendants, NEW JERSEY INSTITUTE OF TECHNOLOGY and LATOSHA WILSON,** on this count for the following relief:

a.	Compensatory damages;

b.	Punitive damages;

c.	Interest;

d.	Attorney fees;

e.	Costs of suit;

f.	Costs of investigation;

g.	Declaratory relief, including that said Defendants committed unlawful discrimination and violated civil rights under N.J.S.A. 10:5-1 *et seq.*;

h.	Injunctive relief restraining and enjoining current, continued, and future violations of N.J.S.A. 10:5-1 *et seq.*, including by:

	i.	Compelling NJIT to formally recognize SJP-NJIT as an official student organization at NJIT;

	ii.	Anti-discrimination training for all faculty and management level and above employees of NJIT;

i.	Such other relief as the Court deems equitable and just under the circumstances.

## <u>COUNT FOUR</u>

**Discrimination on the Basis of Race, Creed, National Origin, and Ancestry in Violation of the New Jersey Law Against Discrimination, N.J. STAT. ANN. § 10:5-1 *et seq.*, and the New Jersey Civil Rights Act, N.J. STAT. ANN. § 10:6-1 *et seq***

1.	Plaintiff(s) repeat(s) and re-allege(s) the allegations above as if set forth at length herein.

2.　　Bukiet's course of conduct as set forth herein, including Bukiet's email to NJIT's administration likening supporters of Palestine to terrorists and Bukiet's harassment of Won during a presentation with aggressive questions and non sequiturs about purported antisemitism on NJIT's campus and what NJIT was doing to protect Jewish students, is unlawful discrimination based on race, creed, national origin, and ancestry under N.J. STAT. ANN. § 10:5-1 *et seq.* and a violation of civil rights under N.J. STAT. ANN. § 10:6-1 *et seq.*

3.　　Said unlawful discrimination and violation of civil rights have caused and continue to cause Plaintiffs to suffer damages, including for humiliation, emotional distress, mental anguish, pain, and suffering.

4.　　Considering all facts and circumstances, including what is set forth in this Complaint, said unlawful discrimination and violation of civil rights are particularly egregious and outrageous.

5.　　Plaintiff(s) suffered resulting damages.

**WHEREFORE**, Plaintiff(s) demand(s) judgment against **Defendants, NEW JERSEY INSTITUTE OF TECHNOLOGY and BRUCE BUKIET,** on this count for the following relief:

a.　Compensatory damages;

b.　Punitive damages;

c.　Interest;

d.　Attorney fees;

e.　Costs of suit;

f.　Costs of investigation;

g.　Declaratory relief, including that said Defendants committed unlawful discrimination and violated civil rights under N.J.S.A. 10:5-1 *et seq.*;

h.　Injunctive relief restraining and enjoining current, continued, and future violations of N.J.S.A. 10:5-1 *et seq.*, including by:

     i.     Compelling NJIT to formally recognize SJP-NJIT as an official student organization at NJIT;

     ii.     Anti-discrimination training for all faculty and management level and above employees of NJIT;

i.     Such other relief as the Court deems equitable and just under the circumstances.

## COUNT FIVE

### 42 U.S.C. § 1983

### New Jersey Civil Rights Act, N.J. STAT. ANN. § 10:6-1 *et seq.*

### Violation of the Right to Freedom of Association Protected by the First Amendment to the United States Constitution

1. Plaintiff(s) repeat(s) and re-allege(s) the allegations above as if set forth at length herein.

2. Freedom of association is a constitutionally protected right. U.S. Const. amend I.

3. Plaintiff(s) have a right to associate based upon shared political, social, religious, or expressive purposes.

4. Defendants, individually and collectively, and under color of state law at all relevant times, deprived persons in the State of New Jersey, including Plaintiff, of their fundamental constitutionally protected right to freedom of association through its refusal to recognize SJP-NJIT as a student organization.

5. Defendants' denial is an impermissible content-based restriction of association as applied to Plaintiff(s).

6. For the reasons herein, Defendants have acted and continue to act in violation of 42 U.S.C. § 1983.

7. For the reasons herein, Defendants have acted and continue to act in violation of N.J. STAT. ANN. § 10:6-1 *et seq.*

8.      Plaintiff suffered resulting damages.

**WHEREFORE**, Plaintiff(s) demand(s) judgment against **Defendants, NEW JERSEY INSTITUTE OF TECHNOLOGY, MARYBETH BOGER, MATTHEW GOLDEN, ANDREW CHRIST, TEIK LIM, KATHRYN HAGEMAN, and MICHAEL DAVIS** on this count for the following relief:

a.      Compensatory damages;

b.      Punitive damages;

c.      Interest;

d.      Attorney fees;

e.      Costs of suit;

f.      Costs of investigation;

g.      Declaratory relief, including that said Defendants committed unlawful discrimination and violated civil rights under N.J.S.A. 10:5-1 *et seq.*;

h.      Injunctive relief restraining and enjoining current, continued, and future violations of N.J.S.A. 10:5-1 *et seq.*, including by:

i.      Compelling NJIT to formally recognize SJP-NJIT as an official student organization at NJIT;

ii.     Anti-discrimination training for all faculty and management level and above employees of NJIT;

i.      Such other relief as the Court deems equitable and just under the circumstances.

## <u>COUNT SIX</u>

**Discrimination on the Basis of Race, National Origin, and Ancestry in Violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.***

1.      Title VI of the Civil Rights Act of 1964 provides: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the

Page 18 of 24

benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. 693.

2.     NJIT receives federal financial assistance through numerous grants, subsidies, and other types of awards.

3.     NJIT's denial of refusal to recognize SJP-NJIT as a student organization excluded Plaintiffs from participation in, denied them the benefits of, and subjected them to discrimination on the bases of race, national origin, and ancestry.

4.     Plaintiffs suffered resulting damages.

**WHEREFORE**, Plaintiff(s) demand(s) judgment against **Defendants, NEW JERSEY INSTITUTE OF TECHNOLOGY, MARYBETH BOGER, MATTHEW GOLDEN, ANDREW CHRIST, TEIK LIM, KATHRYN HAGEMAN, and MICHAEL DAVIS** on this count for the following relief:

a.     Compensatory damages;

b.     Punitive damages;

c.     Interest;

d.     Attorney fees;

e.     Costs of suit;

f.     Costs of investigation;

g.     Declaratory relief, including that said Defendants committed unlawful discrimination and violated civil rights under N.J.S.A. 10:5-1 *et seq.*;

h.     Injunctive relief restraining and enjoining current, continued, and future violations of N.J.S.A. 10:5-1 *et seq.*, including by:

i.     Compelling NJIT to formally recognize SJP-NJIT as an official student organization at NJIT;

  ii.  Anti-discrimination training for all faculty and management level and above employees of NJIT;

 i. Such other relief as the Court deems equitable and just under the circumstances.

     THE LAW OFFICE OF RAJEH A. SAADEH, L.L.C.
     Attorneys for **Plaintiff(s)**

     **Lindsay A. McKillop**

Dated: January 26, 2026

## <u>DESIGNATION OF TRIAL COUNSEL</u>

**Plaintiff(s)** designate(s) **Lindsay A. McKillop**, Esq., as trial counsel.

THE LAW OFFICE OF RAJEH A. SAADEH, L.L.C.
Attorneys for **Plaintiff(s)**

**Lindsay A. McKillop**

Dated: December 24, 2025

## JURY DEMAND

**Plaintiff(s)** demand(s) trial by a jury of **twelve (12)** on all non-equitable demands.

THE LAW OFFICE OF RAJEH A. SAADEH, L.L.C.
Attorneys for **Plaintiff(s)**

**Lindsay A. McKillop**

Dated: January 26, 2026

## <u>NOTICE OF OTHER ACTIONS AND POTENTIALLY LIABLE PARTIES</u>

The matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated.

There are no other known non-parties who should be joined in the action or who is subject to joinder.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

THE LAW OFFICE OF RAJEH A. SAADEH, L.L.C.
Attorneys for **Plaintiff(s)**

**Lindsay A. McKillop**

Dated: January 26, 2026

## REDACTION OF CONFIDENTIAL IDENTIFIERS

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future.

THE LAW OFFICE OF RAJEH A. SAADEH, L.L.C.
Attorneys for **Plaintiff(s)**

**Lindsay A. McKillop**

Dated: January 26, 2026

**Lindsay A. McKillop – 276512018**
The Law Office of Rajeh A. Saadeh, L.L.C.
1200 Route 22 East, Suite 2000
Bridgewater, New Jersey 08807-2943
(908) 864-7884
Attorneys for **Plaintiff(s)**

| | |
|---|---|
| **STUDENTS FOR JUSTICE IN PALESTINE, NEW JERSEY INSTITUTE OF TECHNOLOGY CHAPTER; YAHYA HABEHH; UMAIR KHAN; USMAN AHMAD KHWAJA; IBRAHEEM ALJAYEH; AHMAD JAMHOUR; FARIS QADDOURA,**<br><br>Plaintiff(s),<br><br>v.<br><br>**NEW JERSEY INSTITUTE OF TECHNOLOGY; DAVID JONES; MARYBETH BOGER; MATTHEW GOLDEN; ANDREW CHRIST; LATOSHA WILSON; BRUCE BUKIET; TEIK LIM; KATHRYN HAGEMAN; MICHAEL DAVIS; JANE & JOHN DOES 1-10 and XYZ CORPORATIONS 1-10 (fictitious defendants),**<br><br>Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>**LAW DIVISION**<br>**ESSEX** COUNTY<br>DOCKET NO. **L-8839-25**<br><br><br>CIVIL ACTION<br><br>**ACKNOWLEDGMENT OF SERVICE** |

THE UNDERSIGNED does hereby acknowledge receipt of the First Amended Complaint on behalf of Defendants, **MICHAEL DAVIS, TEIK LIM, KATHRYN HAGEMAN**, this **17th** day of **February**, 20**26**.

_____
**MICHAEL E. BAUGHMAN, ESQ.**
Attorneys for **Defendant(s)**

Page 1 of 1